■ KENNETH L. GREY et al., Appellants, v UNITED LEASING INC. et al., Respondents. — Judgment, Supreme Court, New York County (Wolin, J.), entered October 27, 1981, which, after a jury verdict, awarded damages in the amount of $50,000 to plaintiff Kenneth L. Grey, and in the amount of $10,000 to the plaintiff Khanh Grey, is unanimously reversed, on the law, the facts, and in the exercise of discretion, the judgment is vacated, and the matter is remanded for a new trial, with costs to abide the event. At approximately 5:00 P.M. on February 16, 1979, plaintiff Kenneth L. Grey, aged 38, left his office, which was located on Third Avenue near 34th Street in Manhattan. He walked down the west side of Third Avenue to 34th Street. Before going across the intersection, he glanced at the pedestrian signal and it flashed "WALK". He also observed that vehicular traffic had stopped in both the eastbound and westbound lanes. While crossing, plaintiff walked slowly due to the icy and slushy condition of the street. When plaintiff was approximately four to six steps from the curb on the other side, he was struck and knocked down by a truck owned by defendant United Leasing Incorporated and operated by defendant David W. Langley (Langley). Prior to being struck, plaintiff heard the rumble of a vehicle, but it was upon him so fast that he could do nothing to avoid the impact. During the entire time that he was crossing, plaintiff testified that the word "WALK" continued to appear on the pedestrian signal. Defendant Langley gave a different version of the accident. He testified that the traffic light was "green" in his favor when he arrived at Third Avenue and 34th Street. Langley testified that as he was driving across the intersection, he suddenly saw plaintiff appear around a vehicle to Langley's left. Despite applying the brakes, Langley was unable to stop his truck from striking the plaintiff. Thereafter, the plaintiffs, who are husband and wife, commenced an action against defendants to recover damages for the injuries suffered by plaintiff Kenneth L. Grey (Kenneth) and for loss of services. A number of errors occurred at trial, any one of which may require a reversal. Taken in totality, a reversal is mandated. The defendants called as a witness Marvin Millman (Millman), who had been a pedestrian in the area at the time of the accident. It is undisputed that Millman did not see that the pedestrian signal was flashing when plaintiff Kenneth began to cross the street. In fact, the first time that Millman saw plaintiff he was in the middle of the crosswalk. However, despite not laying any foundation that would legally justify Millman giving his opinion, defense counsel on direct examination asked Millman: "Q: Sir, is there any question in your mind that at the time you were standing in that roadway,

this pedestrian [Kenneth] came into 34th Street at a time when the traffic control device was red against him?" Plaintiffs' counsel objected to this question but the trial court overruled him. Millman then answered: "A: The light was red all the time. I wait for the light on that corner. I wait for the light * * * I do not cross that corner against the lights, because it is a dangerous corner." Plaintiffs' counsel moved to strike this answer as unresponsive, but the trial court denied that motion. The key liability issue in this case was whether the pedestrian signal was in plaintiff Kenneth's favor when he stepped into the street. By permitting Millman to give his opinion, the trial court committed prejudicial error. "The general rule of law is that witnesses must state facts within their knowledge and not give their opinions or their inferences * * * The primary reason for the exclusion of opinion evidence is that it invades the province of the jurors as triers of facts" (21 NY Jur, Evidence, § 380). At the end of the charge, the trial court went over, with the jury, a form containing six interrogatories (CPLR 4111). The purpose of this form was to assist the jury in formulating a legally valid verdict. The trial court carefully explained to the jury the meaning of each interrogatory before they retired to deliberate. Thereafter, the jury returned a verdict, without answering interrogatory number "4", which asked: "What is the full amount of damages suffered by the plaintiff Kenneth L. Grey? $_____. What is the full amount of damages if any, suffered by the plaintiff Khan [sic] Grey? $_____". Without having determined a figure for plaintiffs' full damages, the jury could not make a legally valid proportionate deduction from that figure, for plaintiff Kenneth's contributory negligence (CPLR 1411). This jury found plaintiff Kenneth 65% negligent. Realizing that the jury had rendered an incomplete verdict, the trial court told the jury that, based upon their verdict of finding Kenneth negligent, the fourth interrogatory had to be answered. Then the trial court sent the jury back for further deliberation. When the jury returned, they still had not answered this interrogatory. From an examination of the record, it is obvious to us that the jury was hopelessly confused. At this point, the trial court should have tried to charge the jury again (4 Weinstein-Korn-Miller, NY Civ Prac, par 4111.12). Instead, the trial court, over plaintiffs' objection, simply withdrew the fourth interrogatory from the jury's consideration and accepted an incomplete verdict. We find this to be error. Among other things, plaintiff Kenneth suffered severe brain damage from the accident. Before trial he was examined by a defense neurologist, who the defendants did not produce at trial. When plaintiffs' counsel attempted to comment about this witness' absence, the trial court erroneously sustained defense objections to the comments. We have said that "[t]he rule is well established that counsel may comment on the failure of the adverse party to call a witness who is under his control and whose testimony he could be expected to produce if it were favorable to him" (*Seligson, Morris & Newburger v Fairbanks Whitney Corp.*, 22 AD2d 625, 630). The trial court further compounded its error by not instructing the jury adequately concerning the effect of the absence of this witness. It should have charged the jury that this neurologist was under defense control within the meaning of the law, that his absence was unexplained, and that "you [the jury] may infer, if you deem it proper to do so, that the testimony of the uncalled person would not * * * support * * * defendant's * * * version of the case and you may also draw the strongest inferences against * * * defendant * * * that the opposing evidence permits" (PJI 1:75). Subsequent to the furnishing of his bill of particulars, plaintiff Kenneth was hospitalized for personality changes attributable to his brain injury. The trial court sustained a defense objection to the plaintiffs' offering evidence of this hospitalization because no mention was made of it in

the bill of particulars. "A plaintiff is necessarily confined to the injuries enumerated in his bill of particulars unless it is clear from the evidence that other complaints testified to necessarily and immediately flow from the injuries set forth in the bill of particulars" (*Jones v National Biscuit Co.*, 29 AD2d 1033, 1035). We find that the subsequent hospitalization of plaintiff Kenneth "necessarily and immediately" flowed from his brain injury. Thus, the trial court erroneously restricted plaintiffs' proof of damages. Concur — Ross, J. P., Carro, Asch, Bloom and Fein, JJ.