■ CLAUDE R. HOLBROOK, Respondent, et al., Plaintiff, v JAMESWAY CORPORATION et al., Appellants.—Yesawich, Jr., J.

Appeal from a judgment of the Supreme Court (Harlem, J.), entered July 13, 1987 in Otsego County, upon a verdict rendered in favor of plaintiff Claude R. Holbrook.

Plaintiff Claude R. Holbrook (hereinafter plaintiff) suffered a neck injury in an automobile accident on June 2, 1982. Several days later he sought medical treatment from Dr. Byron E. Sheesley, a general surgeon. Sheesley initially diagnosed the problem as an acute muscle sprain and treated plaintiff until December 1982 when he referred plaintiff to Dr. William R. Hopper, an orthopedic specialist. The jury in the damage action commenced by plaintiff against defendants, who subsequently admitted liability, returned a verdict in plaintiff's favor in the amount of $83,100 for past and future lost profits and $147,825 for pain and suffering. A motion to set aside the verdict on the grounds that it was against the weight of the evidence and the damages awarded were excessive was denied. Defendants appeal.

Because plaintiff was allowed to present testimony beyond the scope of his bill of particulars, a new trial on the issue of damages is required. Plaintiff's bill of particulars specified his injuries as:

"Permanent derangement of the cervical spine with severe and intractable radiculopathy of the nerve roots at C-4, C-5, C-6, and C-7;

"brachial plexis [sic] syndrome producing residual marked weakness, hyposthesia [sic], and limited motion of the right arm;

"Sublaxation [sic] of C-6 over C-7 with permanent damage to the nerve roots emanating from the interspace at that level;

"Post concussion syndrome producing residual headaches, weakness, dizziness, severely limiting the plaintiff's work capacity;

"Acute traumatic shock."

Plaintiff was seen by a number of physicians, but Sheesley was the only medical expert to testify. His testimony, offered on behalf of plaintiff, was based upon an examination of plaintiff performed the day before the trial, information received from Hopper and the results of various tests conducted upon plaintiff. Sheesley's final diagnosis was that plaintiff suffered from "torn ligaments on his spine", a condition likely to be permanent since ligaments are "inelastic and do not heal well". Significantly, on cross-examination, Sheesley was specifically asked and unequivocally acknowledged that plaintiff's condition was not attributable to any of the injuries

recited in the bill of particulars; although he was not questioned about brachial plexus, there was no proof that plaintiff had, in fact, sustained such an injury. However, Sheesley did testify that various tests for nerve damage which he had considered produced negative results. Defendants moved immediately to have Sheesley's diagnosis of torn ligaments of the spine stricken as beyond the scope of the bill of particulars. We are of the view Supreme Court erred in overruling that objection.

The bill of particulars ascribes plaintiff's condition to nerve damage, concussion and shock, not to muscle or connective tissue injury as testified to by Sheesley. Inasmuch as Sheesley's diagnosis does not flow immediately and necessarily from the bill of particulars (cf., Grey v United Leasing, 91 AD2d 932, 934), defendants' claim of surprise has merit unless, of course, it appears from the record that they should have known of such injuries (see, Porter v Shapiro, 124 AD2d 794, 795). To this end, plaintiff points out that defendants were in possession of a letter report from Hopper to plaintiff's counsel, which was received into evidence, wherein Hopper diagnosed plaintiff as suffering from "mostly a ligamentous sprain to the lower cervical spine". But, as the cross-examination of Sheesley reveals, Hopper also opined that this condition was partial, moderate and, more importantly, nonpermanent in nature. Given Hopper's diagnosis ruling out nerve damage as the source of plaintiff's difficulty and the lack of permanency occasioned by the cervical sprain, we conclude that defendants were unduly surprised and genuinely prejudiced when Sheesley's findings radically departed from the bill of particulars, especially since Sheesley had not treated plaintiff after December 1982. Inasmuch as Sheesley's testimony, to the extent that it lies outside the bill of particulars, should have been disregarded, and the record evidence does not otherwise indicate that plaintiff suffered a serious injury (see, Scheer v Koubek, 70 NY2d 678, 679), a new trial is appropriate.

Defendants' other contentions are either unpreserved or lacking in merit.

Judgment reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial on the issue of damages only. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.