■ LINDA L. PALMER, Appellant-Respondent, v AUDREY R. PRESCOTT, as Representative of the Estate of JOHN A. REIS, Deceased, Respondent-Appellant, and PAUL CALCAGNO et al., Respondents. [617 NYS2d 411] —Mercure, J. Cross appeals from an order of the Supreme Court (Harris, J.), entered August 23, 1993 in Albany County, which, *inter alia,* granted the cross

motion of defendants Paul Calcagno, Angela Calcagno and My Daddy's Restaurant for summary judgment dismissing the complaint against them.

Defendants Paul Calcagno and Angela Calcagno are the owners of defendant My Daddy's Restaurant, a business enterprise located on State Route 9W in the Town of Coxsackie, Greene County (further references to the Calcagnos shall include their business). Vacant property owned by defendant Audrey R. Prescott, as executrix of the estate of John A. Reis (hereinafter the Reis property), abuts the Calcagno property on the north. In January 9, 1990, plaintiff, a patron of the Calcagnos, was injured when she slipped on a patch of ice in the vicinity of her fiancé's vehicle, which was parked on the Reis property. On these cross appeals from Supreme Court's order granting summary judgment dismissing the complaint against the Calcagnos and denying Prescott's motion for summary judgment, we are required to consider the duty of care owed to patrons of a business who enter onto nearby property owned by an entity that has no interest in or relationship with the business and does not profit from or make any effort to attract its patrons. We conclude that, under the facts present here, neither the Calcagnos, as owners of the business patronized by plaintiff, nor Prescott, as owner of the property on which plaintiff sustained her injury, owed plaintiff a duty of care. We accordingly modify Supreme Court's order by reversing so much thereof as denied Prescott's motion for summary judgment.

Turning first to the claim against the Calcagnos, it is well-established law that liability for a dangerous condition on property is predicated upon ownership, occupancy, control or special use of the property *(see, Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957; *McGill v Caldors, Inc.,* 135 AD2d 1041, 1043). Where, as here, none of the elements is present, a party cannot be held liable for injuries caused by the condition of the property *(see, Turrisi v Ponderosa, Inc., supra; Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296-267, *lv denied, lv dismissed* 73 NY2d 783). Contrary to plaintiff's assertion, the record is devoid of evidence that the Calcagnos exercised control over any portion of the Reis property, and Paul Calcagno's alleged knowledge that restaurant patrons frequently parked on the adjacent Reis property, even if competently established, did not give rise to a duty to warn of the possibility that snow or ice might exist on the property during the month of January *(see, Zadarosni v F. & W. Restaurant-*

*eurs,* 192 AD2d 1051, 1052; *McGill v Caldors, Inc., supra,* at 1043; *cf., Licato v Eastgate,* 118 AD2d 904).

Turning now to Prescott's cross appeal, it is our view that plaintiff improperly focuses upon the question of whether Prescott had actual or constructive notice of the Calcagnos' patrons' use of the Reis property or of the existence of snow and ice on it. Although the juxtaposition of the properties and the prior course of conduct of the Calcagnos' patrons may have provided notice of the possibility or even likelihood that the Reis property might be used as an unauthorized parking lot, foreseeability should not be confused with duty. As stated by the Court of Appeals in *Pulka v Edelman* (40 NY2d 781, 785), foreseeability comes into play and determines the scope of duty only after it has been determined that there is a duty *(see, Strauss v Belle Realty Co.,* 65 NY2d 399; 1A Warren, Negligence, Nature of Negligence, § 1.02, at 16-17). To us, the relevant question is whether Prescott had any obligation to keep the concededly vacant property free from natural accumulations of snow and ice solely for the protection of patrons of a nearby business who might choose to make unauthorized use of it. We answer in the negative.

We view this as a case where the imposition of liability would cast a wholly unreasonable burden on the owners of vacant land. Not only would the obligation to remove snow and ice from vacant land impose an unjust financial hardship on the owners *(see, Basso v Miller,* 40 NY2d 233; *Scurti v City of New York,* 40 NY2d 433), but to the extent that the act would further encourage the use of the land as an unauthorized parking lot and generate an expectation that the property will be kept free of dangerous conditions, it would have the likely effect of enhancing the basis for the landowner's liability. Finally, although no longer decisive *(see, Basso v Miller, supra),* plaintiff's classification as a trespasser is still relevant in determining whether, under all the circumstances, there has been a breach of duty *(see, Scurti v City of New York, supra,* at 441-442).

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Audrey R. Prescott's motion for summary judgment; motion granted, said defendant awarded summary judgment and complaint dismissed against her; and, as so modified, affirmed.