■ ALICE H. MacNAB et al., Appellants, v GERALD F. SPOOR et al., Respondents, et al., Defendants. [652 NYS2d 416] —Casey, J. Appeal from an order of the Supreme Court (Dawson, J.), entered October 4, 1995 in Essex County, which granted a motion by defendants Gerald F. Spoor and Gertrude M. Spoor for summary judgment dismissing the complaint against them.

Plaintiffs commenced this action to recover damages arising out of injuries sustained by plaintiff Alice H. MacNab in a two-car collision which occurred at the intersection of a private road and a public highway in the Town of North Elba, Essex County. Among the parties named as defendants in plaintiffs' complaint are defendants Gerald F. Spoor and Gertrude M. Spoor. The Spoors are the owners of the servient tenement over which a portion of the easement passes.

The easement apparently follows the path of a private road that Edward B. Heim and Rae H. Heim, the Spoors' predecessors in title, had used in connection with a gravel pit on the property. In 1977, the Heims decided to subdivide the property, using the private road as access to three lots they intended to carve out of the property. According to the Heims, they realized that the intersection of the private road and the public highway as it then existed did not provide safe sight distances. Accordingly, they moved the intersection 35 to 40 feet to the east to remedy the problem. In 1978, the Heims conveyed two of the parcels and they conveyed the third lot in 1986. Each time, according to the Heims, they pointed out the private road, as it existed after the relocation of the intersection to the east, and advised the purchaser that he had a right-of-way over that road. The description of the easement in each of the three deeds, however, described the private road as it originally existed and, therefore, did not encompass the portion of the road relocated to create the new intersection.

The Spoors acquired the property subject to the easement

from the Heims in 1987 and sometime thereafter discovered that a short section of the private road was outside the boundary of the easement described in the relevant deeds. The Spoors allege that they requested the other lot owners to stop trespassing on their property and to use the easement they were granted in their deeds. According to evidence submitted by plaintiffs, the Spoors abruptly and unilaterally blocked off a section of the existing private road in 1991 and relocated the end of the road so that it intersected with the public highway within the boundary of the easement described in the relevant deeds.

Plaintiffs allege that the Spoors' actions in blocking the section of the road that had been used for years and relocating the end of the road created a dangerous condition because of the limited sight distances at the new intersection of the private road with the public highway. Plaintiffs allege that the dangerous condition caused or contributed to the happening of the accident. Concluding that the Spoors owed no duty to the users of the private road, Supreme Court granted the Spoors' motion for summary judgment. Supreme Court also found no evidence to demonstrate that the accident would not have happened without the Spoors' actions. We reverse Supreme Court's order.

Our analysis begins by noting that in support of their motion for summary judgment, the Spoors submitted no evidence to demonstrate the absence of a dangerous condition which was their burden (see, Zuckerman v City of New York, 49 NY2d 557, 563). Instead, they expressly took no position regarding the question of whether the intersection where the accident occurred constituted a dangerous condition because of limited sight distances as alleged by plaintiffs. Accordingly, for the purposes of this appeal, we will assume the existence of the dangerous condition. Next, we reject the Spoors' contention that they cannot be liable for plaintiffs' damages because they were merely enforcing their property rights and owed no duty to plaintiffs. The parties focus to a large degree on the issue of whether the owners of the easement had acquired any right to use the section of private road that was outside the boundaries of the description of the easement in the relevant deeds. Based upon our review of the record, we conclude that the issue of the parties' property rights is not dispositive of the Spoors' liability in this negligence action.

Regardless of whether the users of the section of the private road located outside the boundaries of the easement could be characterized as trespassers, the Spoors, as owners of the land,

owed the duty of reasonable care under all the circumstances (*see, Basso v Miller,* 40 NY2d 233). A landowner's duty varies not with the status of the person who comes on his land, but with the foreseeability of that person's use and the possibility of injury resulting therefrom (*see, supra,* at 241). Thus, the relevant factors in assessing a landowner's duty include " 'the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*supra,* at 241, quoting *Smith v Arbaugh's Rest.,* 469 F2d 97, 100). Based upon the evidence in the record, including evidence that the Heims originally relocated the intersection for safety reasons and evidence of the lengthy use of that intersection as the exclusive means of access to the public highway by the users of the private road, we conclude that the question of whether the Spoors acted reasonably in all the circumstances in relocating the intersection to an allegedly dangerous position is one of fact for a jury.

The Spoors contend that the dangerous condition was created by the location of the easement as described in the relevant deeds, for which they cannot be held responsible because they had nothing to do with the establishment of the easement. There is evidence in the record, however, that the users of the private road were not exposed to the dangerous condition until the Spoors blocked off the allegedly safe intersection and relocated the intersection to the allegedly dangerous position. Even if it could be said that the Spoors did not create the dangerous condition, this is not a case where the dangerous condition existed in a common area over which the Spoors had no possession and control (*see, e.g., Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957). The relevant deeds in the record establish that the Spoors were not merely owners of the servient tenement subject to the easement, but had been granted a possessory interest in the easement itself, an interest they held in common with the owners of the easement.

Based upon the evidence in the record, we are of the view that whether the Spoors breached their duty of reasonable care in all the circumstances as landowners and, if so, whether that breach was a proximate cause of the accident are questions of fact for a jury to resolve. The Spoors' motion for summary judgment should, therefore, have been denied.

Cardona, P. J., and Spain, J., concur.

Mercure, J. (dissenting). We agree with the majority's implicit rejection of plaintiffs' theory that they possessed an easement by prescription over the land of defendants Gerald F. Spoor and Gertrude M. Spoor that was traversed by the so-called "shortcut" that the Spoors barricaded in 1991. That is-

sue, raised for the first time in response to the Spoors' summary judgment motion and unsupported by competent evidence with regard to the critical element of hostility (*see, Di Leo v Pecksto Holding Corp.*, 304 NY 505), is clearly unavailing.

We are constrained to dissent, however, because we cannot subscribe to the majority's determination that there nonetheless exist triable issues of fact concerning the Spoors' tort liability based upon their termination of a license created by a prior owner of their property. At most, plaintiffs have established that the Spoors' predecessor in title had previously permitted plaintiffs and the owners of other of the "back" lots to travel over a portion of the lands conveyed to the Spoors, in order to afford them safer and more convenient passage to the highway. After taking title to the property and ascertaining that those users were deviating from their deeded right-of-way, some time in 1991 the Spoors requested and then insisted that the use be discontinued.

The majority offers no relevant legal precedent for its novel legal theory which, although borrowing freely from tort law and the law of property, finds logical support in neither. As earlier noted, the majority concedes that plaintiffs had no prescriptive easement or other legal right to compel a continuation of the permissive use of the shortcut that had been suffered by the Spoors' predecessor in interest. Further, the duty established in *Basso v Miller* (40 NY2d 233), although inuring to the benefit of those who may foreseeably enter upon one's land, surely does not authorize the right of entry in the first instance. Nonetheless, the majority has created a new species of legal right or interest by adopting a position that is tantamount to a holding that whenever a landowner asserts that he or she may secure reasonably safe access to a public highway only by traveling over the land of another, then, in order to avoid tort liability, the latter has an obligation to permit the former's trespass. We believe there is no such duty under the law (*see, Palmer v Prescott*, 208 AD2d 1065, *lv denied* 85 NY2d 804).

For the foregoing reasons, we would affirm Supreme Court's order.

White, J., concurs. Ordered that the order is reversed, on the law, with costs, and motion denied.