■ PAMELA SHERLIN, Respondent, v CHAD S. HANNA et al., Appellants. [672 NYS2d 248] —In an action to recover damages for personal injuries, the defendants appeal from stated por-

tions of an order and judgment (one paper) of the Supreme Court, Kings County (Barasch, J.), dated March 11, 1997, which, upon a jury verdict awarding the plaintiff $500,000 for future pain and suffering, $14,000 for past medical expenses, and $1,000,000 for future medical expenses, is in favor of the plaintiffs and against them.

Ordered that the order and judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof which awarded the plaintiff $1,000,000 for future medical expenses and substituting therefor a provision severing the plaintiff's cause of action to recover damages for future medical expenses and granting a new trial with respect thereto; as so modified, the order and judgment is affirmed, with costs to the appellants, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future medical expenses from $1,000,000 to $440,950, and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff so stipulates, then the order and judgment, as reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

Contrary to the appellants' contention, the evidence elicited at trial clearly demonstrated that the injuries testified to necessarily and immediately flowed from the injuries set forth in the bill of particulars (see, Grey v United Leasing, 91 AD2d 932). Moreover, it was not error to permit the plaintiff's expert witness to base his opinion, in part, upon facts contained in medical records and other out-of-court statements (see, O'Shea v Sarro, 106 AD2d 435). However, the award of damages for future medical expenses materially deviates from what would be reasonable compensation to the extent that the award exceeds $440,950 (see, CPLR 5501 [c]).

The appellants' remaining contentions are unpreserved for appellate review or without merit. Miller, J. P., Thompson, Joy and McGinity, JJ., concur.