■ DAVID ACUNTO, Respondent, v BRUCE S. CONKLIN et al., Defendants and Third-Party Plaintiffs-Appellants. SAXCO

ENTERPRISES, INC., et., Third-Party Defendants-Appellants. [687 NYS2d 779] —Cardona, P. J. Appeals (1) from a judgment of the Supreme Court (Williams, J.), entered April 6, 1998 in Saratoga County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered March 3, 1998 in Saratoga County, which denied third-party defendants' motion to set aside the verdict.

On August 9, 1993, plaintiff was injured when he fell from a roof while working at a construction site located in the Town of Wilton, Saratoga County. He commenced this personal injury action against the owner of the property, defendant Bruce S. Conklin, and the general contractor, defendant Bruce S. Conklin and Company. Following joinder of issue, plaintiff obtained summary judgment against defendants on the issue of liability. Defendants, in turn, commenced a third-party action against plaintiff's employer, third-party defendants, Saxco Enterprises, Inc. and Dennis G. Saxton. Following service of an answer to the third-party complaint, defendants were granted summary judgment against third-party defendants on the ground of common-law indemnification.

Thereafter, a jury trial was held on the issue of damages. The verdict awarded plaintiff $300,000 for past pain and suffering and $1,009,375 for future pain and suffering over an expected life span of 47½ years. Supreme Court denied third-party defendants' posttrial motion to set aside the verdict and judgment was entered in plaintiff's favor. Defendants and third-party defendants (hereinafter collectively referred to as the parties) appeal.

We turn first to the parties' contention that Supreme Court erred at trial by admitting certain testimony of John Aversa, an orthopedic surgeon who treated plaintiff following the accident. Specifically, the parties assert that Aversa's testimony concerning plaintiff developing arthritis in various parts of his body as a result of the injuries sustained in the accident should have been precluded because this condition was not disclosed in plaintiff's bill of particulars. We note that " '[t]he purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial' " (*Hayes v Kearney*, 237 AD2d 769, quoting *Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265) and that, generally, evidence of injuries or conditions not enumerated by the plaintiff in the bill of particulars will not be permitted at trial (*see, Chapman v State of New York*, 227 AD2d 867, 868). Such evidence, however, may be introduced where it flows immediately and necessarily from the information conveyed in the bill of particulars (*see,*

*Holbrook v Jamesway Corp.*, 141 AD2d 905, 907; *Grey v United Leasing*, 91 AD2d 932, 934) or where the record reveals that the defendant should have known of such injury or condition (*see, Holbrook v Jamesway Corp., supra,* at 907; *Porter v Shapiro*, 124 AD2d 794, 795).

In the instant case, the bill of particulars described in medical detail the injuries to plaintiff's back, left arm and wrist, left leg and ankle. It further stated, with respect to future limitations, that it was anticipated that plaintiff would suffer a "permanent inability to flex or pronate the left ankle resulting in an abnormal walking gait and pain with walking" as well as a limited range of motion in the left wrist and that all limitations "will be increased with age and use and the pain associated with such use will become more frequent". No specific mention, however, was made of plaintiff's likelihood of developing arthritis in the spine, wrist and midfoot, matters specifically testified to by Aversa.

In our view, arthritis is not a condition which "immediately and necessarily" flows from the specific injuries set forth in plaintiff's bill of particulars and, therefore, medical evidence concerning this condition should not have been admitted at trial (*see, Holbrook v Jamesway Corp., supra,* at 907). Although Aversa's videotaped testimony was taken approximately one month before trial, that did not obviate the prejudice to the parties since they did not have sufficient time to prepare for and effectively cross-examine Aversa on this issue. Moreover, contrary to plaintiff's claim, we do not find that the medical documentation included in the record adequately apprised the parties of plaintiff's likelihood of developing arthritis (*see, Porter v Shapiro, supra,* at 795). Inasmuch as plaintiff's future development of arthritis was relevant to the issues before the jury, we are constrained to order a new trial.

Our disposition renders it unnecessary to address the parties' contentions regarding excessiveness of the verdict or purported defects in the form of the judgment. However, since we are remitting the case for a new trial, we address other alleged trial errors. Initially, the parties assert that Supreme Court improperly precluded cross-examination of plaintiff concerning a forgery conviction in an effort to impeach his credibility. Plaintiff sought to prove lost wages up to the date of trial as part of his case-in-chief and subsequently withdrew the claim after testifying that his injuries rendered him unable to pursue his studies to become an X-ray technician. Third-party defendants attempted to demonstrate that the reason plaintiff did not continue his studies was because he was serving time

in jail. It is within the sound discretion of Supreme Court to control the manner in which proof is presented at trial especially with regard to matters affecting a witness's credibility and accuracy (*see, Feldsberg v Nitschke*, 49 NY2d 636, 643; *Martin v Alabama 84 Truck Rental*, 47 NY2d 721, 722). Inasmuch as the forgery conviction was not relevant to the issue of damages after plaintiff withdrew his claim for lost wages, we cannot say that Supreme Court abused its discretion in precluding cross-examination on that issue.

The parties also argue that Supreme Court erred in refusing to give the jury a limiting instruction in response to a statement made by plaintiff's counsel during summation that plaintiff be awarded the sum of $350,000 up to the time of the verdict. They contend that the court should have charged the jury that the attorney's statement did not constitute evidence. We find no impropriety in counsel's statement given that the amount mentioned was within the damages sought by plaintiff in the complaint (*see, Tate v Colabello*, 58 NY2d 84, 87; *Feldman v Town of Bethel*, 106 AD2d 695, 698) and the court charged the jury that they must "render a verdict in a sum of money which will justly and fairly compensate the plaintiff" for his injuries. Furthermore, the trial transcript indicates that the court instructed the jury that "the remarks and summations of the attorneys are not evidence". Therefore, we find no abuse of discretion in Supreme Court's failure to give an additional charge.

Mikoll, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment and order are reversed, on the law and facts, motion to set aside the verdict granted and matter remitted to the Supreme Court for a new trial, with costs to abide the event.