■ DAVID I. HARTMAN, as Administrator of the Estate of EUNICE C. HARTMAN, Also Known as EUNICE HARTMEN, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [691 NYS2d 400] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered March 3, 1998, which, in an action for wrongful death arising out of the explosion of a stove and ensuing fire in the decedent's apartment, granted defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

The 1950 deed showing a conveyance from defendant City of New York to defendant New York City Housing Authority for the purpose of developing the housing project where plaintiff's decedent lived, and defendant Housing Authority's admission that it is the owner of the building where the decedent lived, sufficed to show, prima facie, that the City has no ownership interest in such building. That showing was not rebutted by the 1964 deed on which plaintiff relies. While the latter deed conveys a portion of the property on which the building is located from the Housing Authority back to the City without indication of exactly where on the property the building is located, it does recite that the conveyance was for the purpose of widening certain streets, does not recite a street address or otherwise indicate that a building was involved. There is no basis to believe disclosure would assist plaintiff on the issue of ownership of the building. Without proof of ownership or control of the decedent's apartment, the City cannot be liable for any defective condition of the stove that allegedly caused the decedent's death (*see, Palmer v Prescott*, 208 AD2d 1065, 1066, *lv denied* 85 NY2d 804). Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.