◼ SYLVIA GIGLIO et al., Respondents, v JOHN J. MAHER, Appellant. [724 NYS2d 446] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered February 23, 2000, as, upon a jury verdict finding him 75% at fault in the happening of the accident and the plaintiff Joseph Giglio 25% at fault, is in favor of the plaintiff Sylvia Giglio and against him in the principal sum of $335,423.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs, and a new trial is granted on the issue of damages suffered by the plaintiff Sylvia Giglio. The jury's findings of fact as to liability are affirmed.

The plaintiff Sylvia Giglio was injured when the vehicle operated by the plaintiff Joseph Giglio, in which she was a passenger, was involved in an accident with a vehicle operated by the defendant John Maher.

The court providently exercised its discretion in admitting

into evidence certain photographs of the plaintiffs' automobile (*see, Patti v Fenimore,* 181 AD2d 869, 870). Contrary to the defendant's contention, the Supreme Court's charge to the jury was appropriate (*cf., Sutton v Piasecki Trucking,* 59 NY2d 800, 802).

At the damages phase of the trial, the Supreme Court improvidently exercised its discretion in allowing certain testimony regarding a herniated disc allegedly suffered by the plaintiff Sylvia Giglio as a result of the accident. The plaintiff never alleged in any of her pleadings that she suffered a herniated disc as a result of the accident. Accordingly, the defendant was prejudiced by this testimony (*see, Sharkey v Locust Val. Mar.,* 96 AD2d 1093, 1094), and a new trial as to the damages suffered by the plaintiff Sylvia Giglio is warranted.

The defendant's remaining contentions are without merit. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.