■ JOHN SOICH, Appellant, v LOUIS J. FARONE, JR. et al., Respondents. [763 NYS2d 168] —Spain, J. Appeal from an order

---

of the Supreme Court (Ferradino, J.), entered June 18, 2002 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

On January 24, 1997, plaintiff and several friends proceeded in an automobile to attend a birthday party at an apartment at 51 Church Street in the City of Saratoga Springs, Saratoga County. The group arrived at approximately 10:15 P.M., pulled off the street, and parked their car on what appears to be a concrete driveway which borders a vacant lot adjacent to 51 Church Street. The lot is generally unimproved, its surface consisting of grass and dirt except for the cracked and worn concrete driveway running from the sidewalk along the side of the lot which directly abuts 51 Church Street (hereinafter the driveway). On the date in question, the ground was lightly covered with snow and ice. Plaintiff alleges that, upon exiting the vehicle, he walked approximately 8 to 10 feet along the driveway toward the front of the lot where he tripped and fell sustaining injuries to his ankle, knee and back. Specifically, plaintiff claims that he fell when he tripped on a piece of broken concrete, then stepped into a hole in the concrete with his right foot, whereupon his left foot slipped on a patch of ice.

Plaintiff thereafter commenced this negligence action against the owners of the vacant lot and driveway, seeking damages for his injuries. Defendants moved for summary judgment on the ground that the alleged dangerous condition of the concrete on the driveway was open and obvious. Based upon its finding that plaintiff confessed actual knowledge of the condition of the concrete, Supreme Court—following precedent from our Court—granted defendants' motion, concluding that the open and obvious nature of the defect negated any duty of care owed plaintiff by defendants. Plaintiff appeals.

We reverse. Generally, landowners both owe a duty to exercise reasonable care in maintaining their property in a reasonably safe condition *and* have a duty to warn of a latent, dangerous condition of which the landowner is or should be aware (*see Gohar v Albany Hous. Auth.*, 288 AD2d 657, 658 [2001]; *Sadler v Town of Hurley*, 280 AD2d 805, 806 [2001]; *Tarricone v State of New York*, 175 AD2d 308, 309 [1991], *lv denied* 78 NY2d 862 [1991]). We fully agree with Supreme Court's conclusion that the condition of the concrete—of which plaintiff was admittedly aware—was open and obvious as a matter of law and, thus, negated any duty which defendants owed plaintiff as landowner to warn of potentially dangerous conditions (*see Binensztok v Marshall Stores*, 228 AD2d 534, 535 [1996]; *De Rossi v Golub Corp.*, 209 AD2d 911, 912 [1994],

*lv denied* 85 NY2d 804 [1995]; *Tarricone v State of New York, supra* at 309; *Poerio v State of New York,* 144 AD2d 129, 131 [1988]). We recently held, however, that the open and obvious nature of a claimed defect or dangerous condition does not automatically obviate the more general duty of landowners to maintain their properties in a reasonably safe condition (*MacDonald v City of Schenectady,* 308 AD2d 125 [2003]; *see Chambers v Maury Povich Show,* 285 AD2d 440, 440 [2d Dept 2001]; *Tuttle v Anne LeConey, Inc.,* 258 AD2d 334, 335 [1st Dept 1999]; *Morgan v Genrich,* 239 AD2d 919, 920 [4th Dept 1997]; *see also Basso v Miller,* 40 NY2d 233, 241 [1976]; *Smith v Zink,* 274 AD2d 885, 886 [2000]). Accordingly, plaintiff's cause of action alleging that defendants breached their duty to reasonably maintain their property should not have been dismissed as a matter of law.

Defendants' alternate argument on appeal—that they owed no duty to plaintiff by virtue of his status as a trespasser parking on a vacant lot—was not raised before Supreme Court and, thus, is not preserved for our review (*see Henry v Malen,* 263 AD2d 698, 703 [1999]). In any event, although defendants clearly were under no duty to clear the vacant lot from natural accumulations of snow and ice for the benefit of trespassers (*see Palmer v Prescott,* 208 AD2d 1065, 1067 [1994], *lv denied* 85 NY2d 804 [1995]), here plaintiff's claims are premised—at least in part—on an alleged defect in the physical condition of the driveway. It is well settled that a plaintiff's status as trespasser does not absolve the landowner of its duty to exercise reasonable care under all the circumstances (*see MacNab v Spoor,* 235 AD2d 728, 729-730 [1997]; *Palmer v Prescott, supra* at 1067). Thus, while we cannot say that plaintiff's claims will not ultimately fail for the same reason articulated in *Palmer v Prescott (supra)* because "the imposition of liability would cast a wholly unreasonable burden on the owners of vacant land" (*id.* at 1067), that question will turn on factual determinations related to the nature of the defect, the burden of remedying it and the foreseeability of plaintiff's presence on the property. Plaintiff's status as a trespasser must be considered in determining whether it would be reasonable to require defendants to take steps to remedy the defect and may ultimately result in a finding that defendants did not breach their duty of reasonable care under the circumstances (*see Basso v Miller, supra* at 241). However, the issue of whether the claimed defect was unreasonably unsafe cannot be resolved here on summary judgment.

Cardona, P.J., and Lahtinen, J., concur.

Carpinello, J. (dissenting). As of January 1997, defendants owned a vacant city lot which was accessed via an abandoned concrete driveway. All former structures on the property had long since been demolished and it had no indicia of being a parking lot for public or private use. It was, simply stated, a vacant lot. Late one night, a vehicle in which plaintiff was a passenger parked on the property. Plaintiff, having injured himself when he slipped and fell on broken concrete, seeks to recover against defendants. We respectfully disagree with the majority's conclusion that defendants, under the facts of this case, had a legal duty to maintain the abandoned driveway which led to the vacant lot.

In our view, to recognize a duty of insuring a safe passage for plaintiff, who was indeed a trespasser on the property, extends the law well beyond *Basso v Miller* (40 NY2d 233 [1976]) which, not insignificantly, involved a premises "open to the public" (*id.* at 235). Notably, on the same day that the Court of Appeals decided *Basso v Miller* (*supra*), it emphasized that in eliminating the rule that status determines duty, it did not mean "that every case involving injury on private property raises a factual question for the jury's consideration" (*Scurti v City of New York*, 40 NY2d 433, 442 [1976]). "The traditional role of the court in setting the perimeters of negligence did not disappear with the abolition of the uncompromising common-law classifications" (*Quinlan v Cecchini*, 41 NY2d 686, 689 [1977]).

Thus, it cannot be gainsaid that "the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden declaration reserved for Judges to make prior to submitting anything to fact-finding or jury consideration" (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585 [1994]). This well-established principle, that it is for the courts to "fix[ ] the duty point," has recently been reaffirmed by the Court of Appeals (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003]). Here, it is not sufficient to begin and end with the general rule that property owners have a duty to maintain their premises in a reasonably safe condition. Rather, the court must first define the nature and scope of the duty and determine to whom the duty is owed, if anyone, a process which requires consideration of a number of factors, including the burden on the landowner to avoid the risk (*see Kush v City of Buffalo*, 59 NY2d 26, 29-30 [1983]).

Indeed, the Court of Appeals in *Peralta v Henriquez* (*supra*) specifically eschewed a duty requiring all landowners to light their property by noting that the burden of such a finding

would clearly outweigh the societal benefits and inappropriately sweep an unexpected guest "into the duty's reach" (*id.* at 145). By finding a jury question in this case, the majority imposes a duty on every owner of vacant property to either light the property or eliminate every potential defect which might cause a trespasser to trip, thereby imposing an "unreasonable burden on the owners of vacant land" (*Palmer v Prescott*, 208 AD2d 1065, 1067 [1994], *lv denied* 85 NY2d 804 [1995]). Moreover, we do not read *Palmer v Prescott* (*supra*) as narrowly as the majority, i.e., limited to snow and ice. The logic of this Court's holding in *Palmer*, that an owner of vacant property has no duty to maintain the premises for the benefit of unauthorized trespassers, applies without distinction to broken concrete just as well as it does to snow and ice. Holding otherwise creates dangerous precedent and is an unwarranted expansion of the law of premises liability.

Lastly, the majority's observation that this argument is unpreserved for our review is directly controverted by an acknowledgment in the supplemental affirmation of plaintiff's counsel submitted to Supreme Court. In this affirmation, counsel recites that the defense specifically relied on *Palmer* on the summary judgment motion by "arguing that the defendants owed no duty of reasonable care to the plaintiff, in the first place." Finding the issue preserved and *Palmer* determinative, we would affirm Supreme Court's order.

Peters, J., concurs. Ordered that the order is reversed, on the law, with costs, and motion denied.