■  HERMAN L. GRAY, JR., Respondent, v CITY OF NEW YORK et al., Appellants. [825 NYS2d 481]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Bayne, J.), entered October 12, 2004, as, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, and upon a jury verdict finding the defendant City of New York 35% at fault, the defendant New York City Transit Authority 41% at fault, and the injured plaintiff 24% at fault in the happening of the accident, is in favor of the plaintiff and against it, and the defendant New York City Transit Authority separately appeals, as limited by its brief, from so much of the same judgment as, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, and upon the jury verdict, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed insofar as appealed

from by the defendant City of New York, on the law, the motion by the defendant City of New York for judgment as a matter of law dismissing the complaint insofar as asserted against it is granted, the remainder of the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on all issues against the defendant New York City Transit Authority; and it is further,

Ordered that the appeal by the defendant New York City Transit Authority is dismissed in light of our vacatur of the judgment upon the appeal by the defendant City of New York; and it is further,

Ordered that one bill of costs is awarded to the defendant City of New York payable by the plaintiff, and one bill of costs is awarded to the plaintiff payable by the defendant New York City Transit Authority.

The plaintiff's decedent (hereinafter the plaintiff) allegedly was injured on the morning of February 14, 2003, when she slipped and fell on ice while alighting from a bus operated by the defendant New York City Transit Authority (hereinafter the NYCTA). Although snow fell the previous day, the plaintiff is alleged to have fallen on ice which the defendant City of New York (hereinafter the City) had failed to remove after a prior storm which occurred approximately a week earlier.

"A property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (*Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]). "A reasonable period of time is the period 'within which the municipality should have taken notice of the icy condition and, in the exercise of reasonable care, remedied it by clearing the sidewalk or otherwise eliminating the danger' " (*Cooke v City of New York*, 300 AD2d 338, 339 [2002], quoting *Valentine v City of New York*, 86 AD2d 381, 383 [1982], *affd* 57 NY2d 932 [1982]).

Viewing the evidence in the light most favorable to the plaintiff and resolving all issues of credibility in her favor (*see Szczerbiak v Pilat*, 90 NY2d 553, 556), the contention that she slipped on preexisting ice which remained from the prior storm was based upon pure speculation (*see Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]; *Nazario v Chavez*, 306 AD2d 391, 392 [2003]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Jones v New York City Hous. Auth.*, 298 AD2d 500 [2002]). Accordingly, the Supreme Court erred in failing to dismiss the complaint at the close of the plaintiff's case insofar as asserted against the City (*see Bernstein v City of New York, supra* at

1022; *Friedman v Stauber,* 18 AD3d 606, 607 [2005]; *Clapp v City of New York,* 302 AD2d 347 [2003]; *cf. Gannon v All Car Movers, Ltd.,* 18 AD3d 702, 703).

Moreover, the Supreme Court improvidently denied the motion of the NYCTA to strike the hospital records and testimony of the plaintiff's expert related to the plaintiff's subsequent, unrelated accident since they exceeded the scope of her bill of particulars (*see Diarassouba v Urban,* 24 AD3d 602, 604 [2005]; *Arguinzoni v Parkway Hosp.,* 14 AD3d 633, 634 [2005]; *Johnson v Lazarowitz,* 4 AD3d 334, 335 [2004]; *Giglio v Maher,* 282 AD2d 707, 708 [2001]; *Palchik v Eisenberg,* 278 AD2d 293 [2000]). The plaintiff failed to establish that the latter injuries necessarily and immediately flowed from the injuries set forth in the bill of particulars (*see Acunto v Conklin,* 260 AD2d 787, 789 [1999]; *cf. Sherlin v Hanna,* 250 AD2d 589, 590 [1998]; *Grey v United Leasing,* 91 AD2d 932, 934 [1983]).

In light of our determination, we need not reach the defendants' remaining contentions. Florio, J.P., Miller, Adams and Skelos, JJ., concur.