■ SHARON SHERRY et al., Respondents, v NORTH COLONIE CENTRAL SCHOOL DISTRICT et al., Appellants. [833 NYS2d 746]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered March 20, 2006 in Albany County, upon a verdict rendered in favor of plaintiffs.

While walking her dog on Alva Drive, a paved residential street in the Town of Colonie, Albany County, plaintiff Sharon Sherry (hereinafter plaintiff) stopped to speak with a neighbor. The dog's retractable leash became entangled on a sign on defendants' property which, ironically, read "Animal Owners Prohibited From Allowing Pets on Playgrounds, Fields or Sidewalks of School Grounds." When plaintiff stepped on defendants' property to free the leash, her left foot became entangled in a hole about 12 inches in length, six inches in width and six inches deep, obscured by fallen leaves, and she fell backward and sustained a trimalleolar fracture of the left ankle.

The basic procedural history of the resultant premises liability action is as follows. In October 2003, Supreme Court (Malone, Jr., J.) denied defendants' motion for summary judgment and plaintiffs' cross motion for partial summary judgment on the issue of liability. In June 2005, Supreme Court (Malone, Jr., J.) set aside as inadequate a jury verdict to plaintiffs in the amount of $15,500 and ordered a new trial only on the issue of plaintiff's past and future pain and suffering. Supreme Court (McCarthy, J.) then denied defendants' motion in limine to restrict plaintiffs from introducing evidence of an allegedly newly

discovered arthritic condition or, in the alternative, for further discovery. At the retrial in January 2006, Supreme Court (Spargo, J.) reinstituted the claim by plaintiff's husband for loss of consortium and the jury thereafter awarded plaintiffs $10,606.66 in past medical expenses, $50,000 for past pain and suffering, $50,000 for future pain and suffering and $2,500 for past loss of consortium. Defendants appeal and initially argue that their motion for summary judgment should have been granted. With respect to the first trial, they argue that plaintiffs' proof did not establish premises liability, Supreme Court made certain erroneous rulings and, in any event, since plaintiffs introduced no evidence of future damages, the award was adequate. Defendants also claim that the court's ruling on their motion in limine prior to the second trial was erroneous. Finally, defendants claim that at the second trial, Supreme Court erroneously allowed proof of future damages, and the loss of consortium claim should not have been reinstated.

Fundamentally, defendants' arguments that they should have been granted summary judgment are the same arguments that they pursue in asserting that plaintiffs' evidence at the first trial was insufficient to establish liability. In essence, they propound the familiar claims that they maintained their property in a reasonably safe condition and, therefore, breached no duty of care to plaintiff, that they had neither actual nor constructive notice of an allegedly dangerous condition and that it was not reasonably foreseeable that plaintiff would trespass on their property. With respect to the summary judgment motion, we agree with defendants that evidence that their employees regularly mowed the grass, mulched fallen leaves, weed-whacked around the post of the sign and inspected for unsafe conditions, including holes which would, if found, be promptly filled, was sufficient to shift the burden to plaintiffs to lay bare their proof (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Spiratos v County of Chenango, 28 AD3d 863, 863 [2006]; Macri v Smith, 12 AD3d 896, 897 [2004]). However, we further agree with Supreme Court's conclusion that plaintiffs met their burden by submitting photographs and a videotape (both taken three days after plaintiff's fall) and the deposition testimony of one of defendants' employees that established questions of fact on the issues of whether the premises were maintained in a reasonably safe condition and whether defendants had constructive notice of a dangerous condition. This evidence established that the hole was filled with leaves and that grass, both surrounding the hole and growing within the hole, was at least six inches long and was in need of maintenance. Viewing the evidence in the light most favorable to plaintiffs, as

the nonmoving party (*see Moons v Wade Lupe Constr. Co., Inc.*, 24 AD3d 1005, 1006 [2005]; *Macri v Smith, supra* at 897; *Noble v Pound*, 5 AD3d 936, 937 [2004]), plaintiffs submitted sufficient evidence to raise questions of fact, and defendants' motion for summary judgment was properly denied.

At the first trial, it was established that the sign was erected near the intersection of Alva Drive and a paved path on defendants' property and defendants' employees testified to their observation of others walking on the lawn. Also, as defendants' property was open to the public, plaintiff was not a trespasser and, even if she were, defendants still owed her a duty of reasonable care under all the circumstances (*see Soich v Farone*, 307 AD2d 658, 660 [2003]; *MacNab v Spoor*, 235 AD2d 728, 729-730 [1997]; *Palmer v Prescott*, 208 AD2d 1065, 1067 [1994], *lv denied* 85 NY2d 804 [1995]). As such, there is no merit to defendants' argument that Supreme Court should have expanded its language in the jury charge concerning the foreseeability of plaintiff's presence on defendants' premises to include language indicating that she was a trespasser. In addition, we find no error, contrary to defendants' argument, that Supreme Court should not have admitted into evidence the videotape made by plaintiff's husband. While he admittedly removed some leaves from the hole and straightened some of the grass to expose the ruler he used in making the videotape, thus altering somewhat the appearance of the hole at the time that plaintiff fell, photographs which were taken before any alterations were made were also admitted and the entire subject was thoroughly explained to the jury. The decision to admit or exclude the video is addressed to the sound discretion of the trial court and will not be disturbed unless "no legal foundation has been proffered or when an abuse of discretion as a matter of law is demonstrated" (*People v Patterson*, 93 NY2d 80, 84 [1999]).

Further, we conclude that Supreme Court correctly denied defendants' motion at the close of evidence in the first trial to dismiss the complaint. It is firmly established that "[d]ismissal of a complaint at the close of evidence 'is proper only when there are no disputed issues of fact and the nonmovant has failed to make out a prima facie case, so that by no rational process could a jury find in such party's favor' " (*Kozak v Broadway Joe's*, 296 AD2d 683, 684 [2002], quoting *Winslow v Freeman*, 257 AD2d 698, 699 [1999]; *see Ciocca v Park*, 21 AD3d 671, 672 [2005], *affd* 5 NY3d 835 [2005]; *Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947, 947 [2005]; *Kniffin v Thruway Food Mkts.*, 177 AD2d 920, 921 [1991]). In applying this standard, "[t]he party opposing the motion must be af-

forded the benefit of 'every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Calafiore v Kiley*, 303 AD2d 816, 817 [2003], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *accord Fellion v Darling*, 14 AD3d 904, 906 [2005]; *see Ciocca v Park, supra* at 672). Thus viewed, we conclude that plaintiffs' evidence established a prima facie case of premises liability and issues of fact were properly submitted to—and resolved by—the jury.

Next, we address defendants' argument that Supreme Court erred in setting aside the first verdict. A jury's damage award may be set aside as inadequate when it deviates materially from reasonable compensation for the injury sustained (*see Mihalko v Regnaiere*, 36 AD3d 983, 984 [2007]; *Ditingo v Dreyfuss*, 27 AD3d 1024, 1026 [2006]). According the deference required to the jury's initial assessment of damages and the trial court's decision to set aside the jury's verdict, and considering awards made in similar and comparable cases (*see Hudson v Lansingburgh Cent. School Dist.*, 27 AD3d 1027, 1031 [2006]; *Apuzzo v Ferguson*, 20 AD3d 647, 648-649 [2005]; *Felitti v Daughriety*, 12 AD3d 909, 910 [2004]; *Pinkowski v Fuller*, 5 AD3d 907, 908 [2004]), we are convinced that the initial damage award was woefully inadequate.

Here, the trimalleolar fracture of plaintiff's left ankle required surgical repair by the insertion of a series of six screws and a plate into and around the ankle bone. Plaintiff was in a cast for approximately two months and, after its removal, she consistently complained of swelling, pain and stiffness in her ankle. Notably, both plaintiffs' and defendants' medical evidence regarding the injuries was largely consistent with one exception. Defendants' medical expert concluded that plaintiff would have achieved normal and full range of motion in her left ankle had she fully complied with the exercise plan prescribed by the physical therapist and her orthopedic surgeon. In this regard, it is noteworthy that the record contains no evidence establishing that plaintiff failed to complete the physical therapy program or perform the home exercise program prescribed. In our view, the medical evidence in the record, together with plaintiff's present complaints of pain and limitations as a result of the injury, corroborated by the testimony of her husband, adequately supports Supreme Court's determination to set aside the damage award. This conclusion is also supported by a review of similar cases involving a trimalleolar ankle fracture requiring surgery (*see Clark v N-H Farms, Inc.*, 15 AD3d 605 [2005]; *Grant v City of New York*, 4 AD3d 158 [2004]; *Condor v City of New York*, 292

AD2d 332 [2002], *lv denied* 98 NY2d 607 [2002]; *Lepore v City of New York*, 258 AD2d 288 [1999]; *Fenocchi v City of Syracuse*, 216 AD2d 864 [1995]; *Madrit v City of New York*, 210 AD2d 459 [1994]). Accordingly, we conclude that Supreme Court did not abuse its discretion in setting aside the jury verdict on damages after the first trial since it materially deviated from reasonable compensation under the circumstances.

Next, we find no error in Supreme Court having refused to grant defendants' motion in limine to restrict proof at the second trial concerning arthritis, weather-related pain and bursitis. Allegations that plaintiff suffers from arthritis were made in plaintiffs' first supplemental bill of particulars prior to the first trial and were addressed by defendants' independent medical examiner. Even if plaintiffs failed to raise this injury at the first trial, preclusion is not warranted where a retrial has been ordered, thus leaving the parties in the same position as if no trial had been conducted, provided that the ordering court does not restrict the scope of the retrial (*see Enden v Nationwide Mut. Ins. Co.*, 251 AD2d 283, 283 [1998]). As the verdict was set aside with respect to the awards of past and future pain and suffering and a new trial ordered on those issues, plaintiffs' proof of arthritis was admissible. Also, the testimony of plaintiff's doctor concerning her experiencing weather-related pain is admissible since such "flows immediately and necessarily from the information conveyed in the bill of particulars" (*Acunto v Conklin*, 260 AD2d 787, 788 [1999]). Further, plaintiff's doctor testified at the first trial to the development of bursitis and, thus, defendants knew of it, making evidence of it admissible at the second trial (*see id.* at 789).

As a final matter, Supreme Court erred when it permitted proof of loss of consortium at the second trial, for two reasons. First, loss of consortium is a separate and distinct cause of action personal to the deprived spouse (*see Champagne v State Farm Mut. Auto. Ins. Co.*, 185 AD2d 835, 837 [1992], *lv denied* 81 NY2d 704 [1993]). While it does flow from injuries sustained by the injured plaintiff (*see Cody v Village of Lake George*, 177 AD2d 921, 923 [1991]), it requires independent proof and is not subsumed in Supreme Court's order for a retrial of plaintiff's own past and future pain and suffering. Second, at the close of proof in the first trial, plaintiffs' counsel agreed to the dismissal of the consortium claim for lack of proof. As this claim was not presented to the jury in the first trial, Supreme Court had no authority to reinstate it. We have examined defendants' other arguments and reject them as lacking in merit.

Peters, J.P., Rose and Lahtinen, JJ., concur. Ordered that the

judgment is modified, on the law, without costs, by vacating so much thereof as awarded $2,500 for loss of consortium, and, as so modified, affirmed.