■ JOSEPH G. LICATO et al., Respondents, v JAY EASTGATE et al., Appellants, et al., Defendants.—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered April 24, 1985 in Ulster County, which denied the motion of certain defendants to dismiss the complaint against them for failure to state a cause of action.

Several members of the Angot family (Angots), named defendants herein, own lands commonly known as Andre's or Angots' Farm Racetrack, which is situated in Ulster County. Defendant Jay Eastgate leases this property and operates the racetrack thereon where he promotes and conducts motorcycle races. To the west of the property are lands owned by defendant International Business Machines Corporation (IBM). During the late summer or early fall of 1981, IBM contracted with defendant Ninnie Construction Corporation (Ninnie) to do certain work on IBM's property which apparently included some excavation. Eastgate had promoted and scheduled a motorcycle race to be held on September 20, 1981. Plaintiff Joseph G. Licato (hereinafter plaintiff), then 19 years of age, arrived at the racetrack on September 20, 1981, registered and entered the scheduled race. He learned that the track was not ready for the contestants to practice on because the ambulance had not yet arrived. However, plaintiff, upon noticing that other participants were warming up their machines and practicing in a nearby field adjacent to the track, drove his cycle from the parking lot westerly to the field to prepare for the race. This field was actually IBM property, but there was

no fence, sign or other demarcation to indicate that the land was not racetrack property or that the area was not to be used for practice. While testing his motorcycle on the worn or traveled portion of the field, plaintiff's machine struck an excavation approximately five feet in width causing him to be thrown from his machine. As a result, plaintiff sustained personal injuries including a fractured leg.

As a consequence, plaintiffs commenced this action against the Angots, Eastgate, IBM and Ninnie alleging, *inter alia,* that Eastgate and the Angots knew or, in the exercise of reasonable care, should have known that the motorcyclists frequently used the IBM property or a portion thereof in preparation for racing; that the boundary line between the two parcels was unmarked; and that some excavation work had been performed by Ninnie on the IBM property. Plaintiffs further alleged that Eastgate and the Angots were under a duty to warn the participants of the danger to be encountered and to construct a fence or suitable barrier along the boundary line. Eastgate and the Angots (hereinafter defendants) answered by generally denying the allegations of the complaint, and they asserted a number of affirmative defenses. Thereafter, defendants moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint upon its failure to state a cause of action.

Defendants concede, for the purposes of this motion, the truth of the factual allegations of the complaint but urge that the complaint does not state a cause of action cognizable under the law of this State. Defendants reach this conclusion based upon their interpretation of *McKeever v New York Tel. Co.* (254 App Div 872, *affd* 279 NY 651). In the *McKeever* case, a property owner was held to be liable for an injury that occurred on adjoining lands because that property owner had failed to erect a suitable barrier between his parcel and the adjoining parcel, where a dangerous condition existed.

Although defendants concede that, under certain circumstances, a landowner may be liable for injuries on adjoining lands, they attempt to distinguish the *McKeever* case from the instant situation by virtue of the fact that, in the *McKeever* case, the dangerous condition on the abutting parcel was only three feet from the landowner's property. Here, in contrast, the excavation was approximately 30 feet from the unmarked boundary line. Such a narrow conclusion is, in our view, unwarranted by the language of the *McKeever* case and is unacceptable. The proximity of the hazard on IBM's property to defendants' property should be considered in relation to

and in light of the activities for which defendants invited plaintiff and the others to use their land. Given the facts that other racers were practicing on IBM's land, that the boundary line was unfenced and unmarked, that no warning was communicated, that the likelihood of a deviation from defendants' property was not only readily foreseeable, but was an apparent reality, and that these vehicles, even at comparably low speeds, travel more than 30 feet per second, no such limitation as defendants urge should be dispositive.

Noting a paucity of cases in this State on the subject of off-premises liability, defendants cite several cases from sister States. Significantly, these cases, rather than indicating that causes of action of this type have no viability, collectively suggest that the issue depends upon the particular circumstances encountered in each case.

Based upon all of the foregoing, we conclude that plaintiffs have stated a viable cause of action against defendants.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.