PATRICK V. CLEARY et al., Respondents, v HARRIS HILL GOLF CENTER, INC., Appellant, et al., Defendant. [804 NYS2d 202]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered October 8, 2004. The order, insofar as appealed from, denied the motion of defendant Harris Hill Golf Center, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Harris Hill Golf Center, Inc. is dismissed.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Patrick V. Cleary (plaintiff), a volunteer fireman responding to a fire, when he fell into an excavation pit on property adjacent to a golf course owned by Harris Hill Golf Center, Inc. (defendant). According to plaintiffs, defendant was negligent in failing to guard or warn plaintiff against that hazard. Supreme Court erred in denying the motion of defendant for summary judgment dismissing the complaint against it. Under the circumstances of this case, defendant had no duty to guard or warn plaintiff against the hazardous condition of a property that it did not own or control and over which it exercised no special use (*see Kaufman v Silver*, 90 NY2d 204, 207-209 [1997]; *Brown v Congel*, 241 AD2d 880, 881 [1997]). "[A]s a general matter, an owner owes no duty to warn or to protect others from a defective or dangerous condition on neighboring premises, unless the owner had created or contributed to it . . . . The reason for such a rule is obvious— person who lacks ownership or control of property cannot fairly be held accountable for injuries resulting from a hazard on the

property" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]). We have considered the cases relied upon by plaintiffs, i.e., *Leone v City of Utica* (66 AD2d 463 [1979], *affd* 49 NY2d 811 [1980]), *Scurti v City of New York* (40 NY2d 433 [1976]), *Gayden v City of Rochester* (148 AD2d 975 [1989]) and *Licato v Eastgate* (118 AD2d 904 [1986]) and conclude that they are distinguishable from the case herein. Present—Green, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.