■ Adam Weitz et al., Respondents, v Anzek Construction Corporation et al., Respondents, and Orange and Rockland Utilities, Inc., Appellant. (And a Third-Party Action.) [864 NYS2d 494]—

In an action to recover damages for personal injuries, etc., the defendant Orange and Rockland Utilities, Inc., appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated November 19, 2007, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Orange and Rockland Utilities, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiffs seek to recover damages for injuries allegedly sustained by the plaintiff Adam Weitz (hereinafter Weitz) while performing construction work on June 8, 2004. The appellant Orange and Rockland Utilities, Inc. (hereinafter ORU), established that it did not own, control, or maintain the live overhead electrical lines that allegedly caused Weitz's injuries. Rather, those lines were owned and controlled by the third-party defendant, East Ramapo School District (hereinafter ERSD).

Although various parties alleged at their depositions that representatives of ORU, ERSD, and the defendant Verticon, Ltd., met on May 5, 2004 to discuss certain aspects of the subject project, and that ORU then gave the other parties general reassurances with respect to electrical safety, ORU established that those reassurances were proper in light of the facts made known to it at that time as to the scope of the proposed construction. In fact, the major task discussed at that meeting that was related to construction involving the electrical lines, i.e., the erection of certain trusses, was successfully completed without incident.

ORU's submissions were sufficient to establish its prima facie entitlement to judgment as a matter of law. In response, the respondents failed to raise a triable issue of fact. Accordingly, ORU's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted (*see* CPLR 3212 [b]; *Scurti v City of New York*, 40 NY2d 433, 438-439 [1976]; *Cleary v Harris Hill Golf Ctr., Inc.*, 23 AD3d 1142 [2005]; *Mirza v Metropolitan Life Ins. Co.*, 2 AD3d 808, 809-810 [2003]; *cf. Heard v City of New York*, 82 NY2d 66, 74 [1993]; *Banks v Central Hudson Gas & Elec. Corp.*, 224 F2d 631, 634-636 [1955], *cert denied* 350 US 904 [1955]). Lifson, J.P., Florio, Eng and Belen, JJ., concur.