(December 20, 1994)

■ JOEL RIVERS, Respondent, v ATOMIC EXTERMINATING CORPORATION, Appellant, et al., Defendants. ATOMIC EXTERMINATING CORPORATION, Third-Party Plaintiff-Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Third-Party Defendant-Respondent, et al., Third-Party Defendants. ATOMIC EXTERMINATING CORPORATION, Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Defen-

dants. [621 NYS2d 282] —Order, Supreme Court, New York County (Walter Tolub, J.), entered March 11, 1994, *inter alia,* denying defendant Atomic Exterminating Corporation's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Movant was retained by plaintiff's employer to provide exterminating services to the 54th Street Bus depot. Shortly after the extermination procedure occurred, numerous Manhattan and Bronx Surface Transit Operating Authority employees required hospitalization due to exposure to noxious fumes. Plaintiff, who worked as a security guard, suffered symptoms two days later, allegedly as a result of the improper application of the insecticides and lack of proper ventilation during and/or after their application.

"Negligence cases by their very nature do not usually lend themselves to summary judgment" *(Ugarriza v Schmieder,* 46 NY2d 471, 474). Although defendant movant submitted proof that its employees marked off the area and buses being exterminated with a chalk mark, and made sure some windows and two doors were kept open, the adequacy of these measures cannot be resolved as a matter of law, and is best resolved by a trier of fact.

Similarly, defendant's failure to barricade the area or place warning signs concerning the dangers during and after the extermination raises a question of the adequacy of the safety measures undertaken by defendant that cannot be resolved as a matter of law. Concur—Murphy, P. J., Sullivan, Ellerin and Tom, JJ.