■ ROBERTA O'BRIEN, Appellant, v TRUSTEES OF THE TROY ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, Re-

spondent, et al., Defendants. [684 NYS2d 328] —Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered December 11, 1997 in Rensselaer County, which granted a motion by defendant Trustees of the Troy Annual Conference of the United Methodist Church for summary judgment dismissing the complaint against it.

In August 1991, plaintiff was severely injured when she fell through an allegedly rotted and deteriorated porch on property owned by defendant First United Methodist Church of Rensselaer (hereinafter First United), located in the City of Rensselaer, Rensselaer County. Thereafter, plaintiff commenced separate actions against First United and defendant Trustees of the Troy Annual Conference of the United Methodist Church (hereinafter defendant). After the two actions were consolidated, defendant moved for summary judgment dismissing the complaint against it on the grounds that it neither owned the premises where the accident occurred nor was responsible for maintaining the premises. In opposition, plaintiff admitted that First United was the record title holder of the premises but argued that defendant exercised sufficient control over the property to impose liability upon it. Finding that plaintiff failed to establish a question of fact as to whether defendant exercised sufficient control over the property to impose liability, Supreme Court granted summary judgment in favor of defendant. Plaintiff appeals.

We affirm. "[I]t is well-established law that liability for a dangerous condition on property is predicated upon ownership, occupancy, control or special use of the property" (*Palmer v Prescott*, 208 AD2d 1065, 1066, *lv denied* 85 NY2d 804; *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957; *McGill v Caldors, Inc.*, 135 AD2d 1041, 1043). Where none of these elements is present, a party cannot be held liable for injuries caused by the dangerous or defective condition (*see, Warren v Wilmorite, Inc.*, 211 AD2d 904, 905; *Turrisi v Ponderosa, Inc.*, *supra*, at 957; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-297, *lv denied and dismissed* 73 NY2d 783).

Here, it is undisputed that First United was the sole record title owner of the premises where the accident occurred. The fact that defendant may obtain title to the premises upon the abandonment or discontinuance of First United is not sufficient to establish a present ownership interest, or authority in defendant to control the property.* Significantly, the record reveals that if First United sold the premises the proceeds of

---

* Pursuant to *The Book of Discipline of the United Methodist Church* (1992), which governs defendant and local churches, where a local church is

the sale would be transferred to the members of First United, not to defendant. In our view, plaintiff's evidence submitted in opposition to defendant's motion was insufficient to establish that defendant owned, occupied or controlled the church where the accident occurred (*see, Palmer v Prescott, supra*). Notably, even if plaintiff established that defendant maintained sufficient control over the premises, the record is devoid of any evidence that defendant either created or had actual or constructive notice of the condition of the premises; therefore, no liability may be imposed upon defendant (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838; *Dwyer v West Bradford Corp.*, 188 AD2d 813, 814-815).

Accordingly, we conclude that Supreme Court properly granted summary judgment to defendant.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

---

discontinued or abandoned the real property may be assumed by defendant and treated as its own property.