■ GENNADY VUGMAN, Respondent, v DAVID VUGMAN, Respondent, MARYANNE TRUMP BARRY et al., Appellants, et al., Defendant. (Action No. 1.) SEMEN SOYFER, Respondent, v FRED C. TRUMP, JR., et al., Appellants, et al., Defendants. (Action No. 2.) SEMEN SOYFER, Plaintiff, v DAVID VUGMAN, Defendant. (Action No. 3.) [714 NYS2d 320] —In three related actions to recover damages for personal injuries and wrongful death, Fred C. Trump, Jr., Maryanne Desmond, Elizabeth Trump, Donald Trump, Robert Trump, Matthew J. Tosii as Trustee of a Trust for the Benefit of Fred C. Trump, Jr., Maryanne Trump Barry, Elizabeth Trump Grau, Donald J. Trump, Robert S. Trump, and Irwin Durbin as Trustee of a Trust for the Benefit of Fred C. Trump, defendants in Action Nos. 1 and 2 appeal from an order of the Supreme Court, Kings County (Barron, J.), dated August 2, 1999, which denied their motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against them in those actions.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaints and all cross claims in Actions Nos. 1 and 2 are dismissed insofar as asserted against the appellants, and those actions are severed as against the remaining defendants.

The plaintiff in Action No. 1 was injured and the plaintiff's decedents in Action No. 2 were killed when the car in which they were passengers drove off the edge of a parcel of land owned by the appellants and plunged into an adjacent creek. The driver of the car was attempting to park his car on the property. The appellants kept the land as an unimproved, unpaved parcel, which was fenced on all sides accessible to the public, except for the border of the property adjacent to the creek. The appellants had contracted to sell the land, but at the time of the accident the sale had not been completed. Prior to closing, the purchasers entered the parcel, erected a new fence, improved, cleared, and paved the land, and began using it as a parking lot by renting space to customers. The appellants had no knowledge of this unauthorized use of their property.

The record is devoid of any evidence that the appellants either created or had actual or constructive notice of the use of the premises as a parking lot, or of the presence of the plaintiff and the automobile on the lot. Therefore, no liability can be imposed upon them (*see, Gordon v American Museum of Natu-*

*ral History,* 67 NY2d 836; *O'Brien v Trustees of Troy Annual Conference of United Methodist Church,* 257 AD2d 954), and their motion for summary judgment dismissing the complaints insofar as asserted against them should have been granted. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.