■ Todd Van Alstine et al., Respondents, v Kentucky Fried Chicken of California, Inc., Appellant, et al., Defendant. [739 NYS2d 763] —Mercure, J.P. Appeal from an order of the Supreme Court (Castellino, J.), entered March 8, 2001 in Chemung County, which denied a motion by defendant Kentucky Fried Chicken of California, Inc. for summary judgment dismissing the complaint against it.

Plaintiffs commenced this personal injury action as the result of a slip and fall by plaintiff Todd Van Alstine (hereinafter plaintiff) in a restaurant operated by defendant Kentucky Fried

Chicken of California, Inc. (hereinafter defendant). After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against it and Supreme Court denied the motion. Defendant appeals.

Claiming that plaintiff was reasonably warned about any wet condition of the floor that may have caused him to slip and fall, defendant contends that it was entitled to summary judgment. The record establishes that, upon entering the restaurant, plaintiff saw an employee mopping an area of the floor. According to plaintiff, the employee spread her hands and said, "Please be careful if you come over here, I just got done mopping this section." Several minutes later, plaintiff walked toward an area where high chairs were stored. Although he was walking in an area that he believed was outside the section indicated by the employee, he nevertheless was watching the floor for wetness but did not see any water. After he fell, however, he noticed that he had some wet spots on his clothes and, with his hand, he felt a thin layer of moisture on the floor.

"What safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury" (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520 n 8) and "the question of what, if any, warning is reasonable under the circumstances is usually a question of fact for the jury" (*Buley v Rexnord Process Mach. Div.*, 105 AD2d 965, 965). We are of the view that the adequacy of the employee's gesture and verbal admonition cannot be resolved as a matter of law on this record (*see, Rivers v Atomic Exterminating Corp.*, 210 AD2d 134). The mere fact that plaintiff apparently suspected that the wetness from the mopping might have extended to the area where he fell, thus prompting him to watch the floor for water as he walked, does not alter our conclusion, particularly in light of his allegation that the thin layer of moisture could be felt but not seen.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.