■ KELLY J. NOBLE, as Executor of RONALD J. MATTHEWS, Deceased, Appellant, v MARY POUND, Individually and as Town Clerk of the Town of Newcomb, et al., Respondents. [774 NYS2d 95]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered March 6, 2003 in Essex County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Ronald J. Matthews sustained personal injuries on November

10, 2000 when he fell through a landing that was missing several boards at the front door of a home owned by defendants Mary Pound and Greg Pound in the Town of Newcomb, Essex County. A friend of Matthews had contacted Mary Pound (hereinafter Pound) earlier in the day to receive permission for Matthews to go to the Pounds' home to purchase a hunting license. Pound was the part-time Town Clerk for defendant Town of Newcomb and her duties included issuing hunting licenses. Matthews arrived after dark and proceeded toward the front door, which was accessible by a flight of approximately 10 stairs and a landing immediately in front of the door. As part of construction work at the Pounds' home, boards had been removed from the landing leaving an opening approximately four feet wide. Two eight-foot sections of a white rain gutter had been laid on the steps in an "x" pattern by the Pounds with the intent that this would provide a warning not to use the front entrance. Another rain gutter section rested on the landing over a portion of the opening.

The outside light at the front door was not turned on. Indeed, Pound testified at her examination before trial that she purposely turned on only outside lights located at the side and rear of the house, hoping that Matthews would follow the lights to the rear entrance. Unfortunately, Matthews proceeded up the front steps and fell through the opening in the landing.

Matthews died of causes unrelated to the accident and the executor of his estate commenced this action against the Pounds and the Town. Following disclosure, all defendants moved for summary judgment dismissing the complaint. While defendants set forth several arguments supporting their position, Supreme Court granted the motions as to all defendants upon the ground that Matthews' action in proceeding past the rain gutters on the steps constituted a superseding cause. Plaintiff appeals.

Initially, we turn to the issue of whether the Pounds provided a reasonable warning as a matter of law regarding the condition of the landing.\* The current procedural context mandates that we view the evidence in the light most favorable to plaintiff (*see Reynolds v Sead Dev. Group*, 257 AD2d 940, 941 [1999]; *Boyce v Vazquez*, 249 AD2d 724, 726 [1998]). Landowners have a "duty to exercise reasonable care in maintaining their property in a reasonably safe condition *and* have a duty to warn of a latent, dangerous condition of which the landowner is or should be

---

\* Although plaintiff prevailed on this issue before Supreme Court, defendants have continued to argue this issue as an alternative ground for affirming on appeal and, analytically, this issue precedes the issue of superseding cause.

aware" (*Soich v Farone*, 307 AD2d 658, 659 [2003] [emphasis in original]; *see Comeau v Wray*, 241 AD2d 602, 603 [1997]). Whether the safety measures employed with respect to a latent, dangerous condition are reasonable is generally a factual issue (*see Van Alstine v Kentucky Fried Chicken of Cal.*, 292 AD2d 737, 738 [2002]).

Here, boards were missing on the landing to the front door, which was the only door visible from where Matthews parked. Pound knew that Matthews was coming to the house. Matthews had not previously been to the Pounds' home. Pound acknowledged that she failed to provide a verbal warning about the conditions when permission was sought for Matthews to visit the house. While Pound's intention in leaving illuminated only those lights that were away from the front entrance was that Matthews would follow these lights, it had the undesired effect making the area where boards were missing more difficult to see (*cf. Peralta v Henriquez*, 100 NY2d 139, 144 [2003] ["'(P)roviding outside lighting to one's property may be a reasonable response by a private landowner who knows . . . that someone will visit the property and confront a hazard that would be reasonably avoided by illumination"]). We are unpersuaded that rain gutters resting on the steps and landing would warn a stranger as a matter of law that a hazard lay ahead on the dimly lit landing leading to the only visible door. Factual issues exist as to whether the warning was adequate under the circumstances.

We also find merit in plaintiff's argument that Supreme Court erred in finding that Matthews' acts constituted a superseding cause. In order for the acts of a plaintiff or third party to sever the causal connection, "the conduct in question must be 'so extraordinary or far removed from the defendant's conduct so as to be unforeseeable' " (*Feeley v Citizens Telecom. Co. of N.Y.*, 298 AD2d 745, 746 [2002], quoting *Decker v Forenta LP*, 290 AD2d 925, 926 [2002]). It is foreseeable that a person arriving at a house for the first time for a prearranged meeting would attempt to use the front door in the absence of prior instructions or a clear warning. Encountering rain gutters lying on steps is susceptible to a reasonable interpretation other than an unambiguous warning not to proceed.

Next, we consider whether the facts set forth in the record support a viable theory of liability against the Town for the accident on the Pounds' property. "[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]; *see*

*O'Brien v Trustees of Troy Annual Conference of United Methodist Church,* 257 AD2d 954, 955 [1999]; *cf. Butler v Rafferty,* 100 NY2d 265, 270 [2003]). The Town submitted an affidavit from its supervisor stating that Pound was an elected official who was provided an office at the Town Hall, she set her own hours, she was not required to perform any town duties at her home and, to the extent that she opted to work at her home, it was not at any directive from the Town. He further provided that the Town did not own, control or make any use of the Pounds' residence. The fact that a small sign stating "Town Clerk" was placed at the end of the Pounds' driveway is not an adequate basis upon which to establish premises liability (*see Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 297 [1988], *lv dismissed and denied* 73 NY2d 783 [1988]). Moreover, the Town's supervisor stated without contradiction that the Town had no notice of the repairs being done at the Pounds' house or the condition of the premises, which provides a further basis supporting its assertion of no liability (*see O'Brien v Trustees of Troy Annual Conference of United Methodist Church, supra* at 956). Accordingly, we uphold the dismissal of the action against the Town and Pound in her capacity as Town Clerk.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants Mary Pound, individually, and Greg Pound; cross motion denied as to said defendants; and, as so modified, affirmed.