(July 26, 2011)

■ KATHLEEN Cox et al., Appellants-Respondents, v THOMAS E. WEIL, JR., et al., Respondents, and PETER G. MEYER, Respondent-Appellant. [927 NYS2d 607]—

"A driver who has the right-of-way is entitled to anticipate that the other driver will obey traffic laws which require him or her to yield . . . At the same time, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection. There can be more than one proximate cause of an accident, and the issue of comparative negligence is generally a question for the jury to decide" (*Wilson v Rosedom*, 82 AD3d 970, 970 [2011] [citations and internal quotation marks omitted]; *see Shea v Judson*, 283 NY 393, 398 [1940]). " '[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision' " (*Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010], quoting *Yelder v Walters*, 64 AD3d 762, 764 [2009]).

Here, contrary to the contention of the plaintiffs and the defendant Peter G. Meyer, the jury's determination that the defendant Thomas E. Weil, Jr., was not negligent in failing to avoid a collision with Meyer's vehicle, which had driven through a red light, was based upon a fair interpretation of the evidence presented at trial (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 132-134 [1985]).

Accordingly, the Supreme Court properly denied the plaintiff's and Meyer's respective motions pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that Weil was not negligent. Rivera, J.P., Covello, Florio and Lott, JJ., concur.