| **Solis v City of New York** |
| 2024 NY Slip Op 30825(U) |
| March 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150552/2015 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:          **HON. HASA A. KINGO**          PART          05M
                        *Justice*

------------------------------------------------------------------------X

RIDELIN SOLIS, AS ADMINISTRATRIX OF THE ESTATE
OF APOLINAR SOLIS, RIDELIN SOLIS,

                              Plaintiff,

                        - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,
NEW YORK CITY DEPARTMENT OF CORRECTION, NEW
YORK CITY DEPARTMENT OF CORRECTION OFFICERS
JOHN/JANE DOE #1-10, CORIZON HEALTH INC.,HEALTH
PROFESSIONALS JOHN/JANE DOE #1-10, FIRE
DEPARTMENT OF NEW YORK CITY

                              Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150552/2015 |
| MOTION DATE | 01/06/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

This action seeks to recover damages for personal injuries purportedly suffered by Plaintiff RIDELIN SOLIS (hereinafter referred to as "plaintiff") due to the wrongful death and conscious pain and suffering of her father APOLINAR SOLIS (hereinafter referred to as "decedent"). Plaintiff claims that on November 19, 2013, while decedent was being transported by New York State court officers within the Supreme Court, Criminal Division, situated at 100 Centre Street, Manhattan (hereinafter referred to as "the Courthouse"), he slipped/tripped and fell in a stairway, leading to physical injury and his eventual demise.

## BACKGROUND AND ARGUMENTS

With the instant motion, defendants THE CITY OF NEW YORK (s/h/a THE CITY OF NEW YORK, NYC DEPARTMENT OF HEALTH & MENTAL HYGIENE, NYC DEPARTMENT OF CORRECTION and FIRE DEPARTMENT OF NEW YORK CITY), and CORIZON HEALTH INC. (hereinafter referred to as "the City") move, pursuant to CPLR §3212, for an order granting summary judgment and dismissing plaintiff's complaint. Plaintiff opposes the application.

It is conceded that plaintiff does not oppose the dismissal of all causes of action which she stipulated to voluntarily dismiss prior to the filing of the City's motion for summary judgment,

150552/2015   RIDELIN SOLIS, AS vs. CITY OF NEW YORK          Page 1 of 5
Motion No.  002

1 of 5

specifically: Third Cause of Action for Medical Malpractice as against the Fire Department of the City of New York; Fourth Cause of Action for Lack of Informed Consent; Eighth, Ninth, and Tenth Causes of Action for Deprivation of Rights Under the United States Constitution and 42 USC § 1983; Eleventh Cause of Action for False Arrest and False Imprisonment; and Twelfth Cause of Action for Malicious Abuse of Process.

Plaintiff likewise specifically states that she does not oppose the City's motion to the extent it seeks to dismiss any "cause of action based on the theory of respondeat superior." Accordingly, since it is uncontroverted that the City's correction and medical personnel were acting within the scope of their employment during all relevant periods, plaintiff does not oppose dismissal of her Second Cause of Action for Negligent Hiring, Training and Supervision.

Further, plaintiff offers no opposition to the City's motion to dismiss her causes of action for "violations of plaintiff-decedent's civil rights" (Sixth Cause of Action); dereliction of duty, depraved indifference, and failure to intercede (Thirteenth Cause of Action); and denial of substantive due process (Fourteenth Cause of Action). Accordingly, those claims are dismissed without further discussion.

Lastly, plaintiff offers no opposition to the City's motion insofar as it seeks to dismiss the complaint against NYC Department of Health & Mental Hygiene, NYC Department of Correction, and Fire Department of New York City, as these are non-suable entities. Thus, those entities are dismissed from this case in all respects.

With dismissal of the various causes of action discussed above, plaintiff's remaining causes of action are for Medical Malpractice (First Cause of Action); Negligence (Fifth Cause of Action); and Wrongful Death (Seventh Cause of Action). In support of the instant motion, the City argues that each of those remaining cause of action must be dismissed because a jury could not conclude, without resorting to impermissible speculation, that any action or inaction by the City's correction or medical staff was the foreseeable, proximate cause of decedent's injuries.

In opposition, plaintiff argues that the evidence in this case clearly shows that the City had both actual and record notice of decedent's medical conditions, including knowledge that a doctor at Bellevue Hospital prescribed a cane and post-operative shoe for decedent to use in order to assist with his "partial weight bearing" while ambulating as he healed from a debridement of a diabetic ulcer from his left foot mere days before his fatal accident on the stairwell. Thus, plaintiff contends that defendants knew that decedent's ability to walk was severely compromised and likewise knew of decedent's medical need for the use of his cane to assist him to walk and traverse over any surface including up/down any stairs. Nevertheless, plaintiff argues that the City negligently must have misplaced decedent's medically prescribed and necessary cane for any time after decedent left the North Infirmary Command at Riker's Island (hereinafter referred to as "NIC") to be transported to Manhattan Criminal Court (hereinafter referred to as "MCC"). Plaintiff submits that this "gaping hole" presentation of material facts is fatal to the City's attempt to meet its prima facie burden of proving entitlement to summary judgment, and, therefore, this instant motion must be denied as a matter of a law. In the alternative, plaintiff submits that issues of fact have been presented that warrant resolution at trial.

150552/2015   RIDELIN SOLIS, AS vs. CITY OF NEW YORK
Motion No.  002

Page 2 of 5

## DISCUSSION

In order to prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp*., 77 NY2d 525 [1999]).

Summary judgment is a drastic remedy. Therefore, the court's function on a motion for summary judgment is issue finding rather than issue determination (*Stillman v Twentieth Century Fox Film Corp*., 3 NY2d 395 [1957]). Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (*Jacobsen v New York City Health & Hosps. Corp*., 22 NY3d 824 [2014]).

When confronted with a summary judgment motion, it is the court's responsibility to search the record for triable issues of fact without determining the strength of either parties' case (*Cross v. Cross*, 112 AD2d 62 [1st Dept 1985]). In doing so, the court must search evidentiary facts sufficient to defeat a motion for summary judgment. The mere existence of a material issue of fact should lead to the denial of the motion (*see Downing v. Schreiver*, 176 AD2d 781 [2d Dept 1991]). It is also firmly acknowledged that matters concerning negligence seldom find facile resolution through summary judgment proceedings (*Ugarizza v. Schmieder*, 46 NY2d 471 [1979]). Indeed, the pivotal inquiry as to whether a defendant's actions constitute negligence is inherently entwined with questions of fact that properly belong within the purview of a jury (*Rivers v. Atomic Exterminating Corp*., 210 AD2d 134 [1st Dept 1994]).

It has been held that "to prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a [moving party] has the burden of establishing, prima facie, not only that the [other party] was negligent, but that the [moving party] was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v. Bartis*, 112 AD3d 804 [2d Dept 2013]; *Thoma v. Ronai*, 82 NY2d 736 [1993]). It has also held that there can be more than one proximate cause of an accident, and the issue of comparative negligence is generally a question for a jury to decide (*Cox v. Weil*, 86 AD3d 620 [2d Dept 2011]; *Wilson v. Rosedom*, 82 AD3d 970 [2d Dept 2011]).

Here, the City has made its prima facie showing of entitlement to summary judgment by presenting evidence in admissible form, including deposition testimony and various discovery items that were adduced in this matter, including records of decedent's medical treatment during his incarceration at Rikers Island, records of decedent's relevant medical treatment at New York Presbyterian Hospital following his injury, and a report generated by the New York State Commission of Corrections in connection with decedent's injury and death, among other things. On their face, the submitted documents establish, prima facie, that any action or inaction by the City's correction or medical staff was not the foreseeable, proximate cause of decedent's injuries.

**150552/2015   RIDELIN SOLIS, AS vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 3 of 5**

Nevertheless, in opposition to the City's prima facie showing, plaintiff has raised triable issues of fact that warrant resolution at trial. First, a significant issue of fact remains regarding whether the City breached its duty to protect decedent, an inmate under the care, custody, management, and control of the City, from a reasonably foreseeable risk of harm. This breach is articulated in the affirmation of Dr. Michael Murray, wherein it is asserted that the City failed by depriving decedent of the use of his medically prescribed and necessary cane. Considering decedent's medical history, which the City had both actual and recorded notice of, a reasonable jury could infer that it was indeed reasonably foreseeable that the decedent, deprived of his medically prescribed and necessary cane and the additional stability it would have provided, could have fallen down a flight of stairs.

Additionally, there remains another significant issue of fact as to whether the City breached its own self-imposed duty of care as articulated in NYC DOC Directive 3802 to identify decedent as a "disabled" inmate based upon his readily apparent appearance upon presentment to MCC which included wearing a medically prescribed post-operative shoe, which would have ultimately required the City to provide decedent with "reasonable accommodations" under the law that would have granted decedent further assistance when traversing up and down stairs.

Based on the cited evidence and full consideration of the parties' respective arguments, issues of fact remain concerning plaintiff's remaining causes of action that require resolution at trial, since plaintiff has raised issues of fact with respect to those causes of action in opposition to the City's prima facie showing.

Accordingly, it is hereby

ORDERED that the City's motion for summary judgment is granted to the extent that plaintiff's Second Cause of Action for Negligent Hiring, Training and Supervision; Third Cause of Action for Medical Malpractice as against the Fire Department of the City of New York; Fourth Cause of Action for Lack of Informed Consent; Sixth Cause of Action for "Violations of Plaintiff-Decedent's Civil Rights,"; Eighth, Ninth, and Tenth Causes of Action for Deprivation of Rights Under the United States Constitution and 42 USC § 1983; Eleventh Cause of Action for False Arrest and False Imprisonment; Twelfth Cause of Action for Malicious Abuse of Process; Thirteenth Cause of Action for Dereliction of Duty, Depraved Indifference, and Failure to Intercede; and Fourteenth Cause of Action for Denial of Substantive Due Process are all dismissed; and it is further

ORDERED that the City's motion is granted to the extent that plaintiff's claims against New York City Department of Health & Mental Hygiene, New York City Department of Correction, and Fire Department of New York City, are dismissed as these are non-suable entities; and it is further

ORDERED that the City's motion is denied with respect to plaintiff's First Cause of Action Medical Malpractice; Fifth Cause of Action for Negligence; and Seventh Cause of Action for Wrongful Death; and it is further

[* 4]

ORDERED that the Clerk of the Court is directed to enter judgment accordingly; and it is further

ORDERED that the caption in this action is amended to read as follows:

-----------------------------------------------------------------------------X

RIDELIN SOLIS, AS ADMINISTRATRIX OF THE ESTATE
OF APOLINAR SOLIS, RIDELIN SOLIS,

Plaintiff,

- v -

THE CITY OF NEW YORK, CORIZON HEALTH
INC.,HEALTH PROFESSIONALS JOHN/JANE DOE #1-10

Defendant.

-----------------------------------------------------------------------------X

; and it is further

ORDERED that the Clerk of the Court is directed to amend the caption accordingly.

This constitutes the decision and order of the court.

| | |
|---|---|
| **3/15/2024** | **HASA A. KINGO, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

150552/2015   RIDELIN SOLIS, AS vs. CITY OF NEW YORK
Page 5 of 5
Motion No.  002

5 of 5