| **Fayod v 24 Second Ave. Corp.** |
| --- |
| 2024 NY Slip Op 30901(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159884/2014 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**          PART          05M

*Justice*

--------------------------------------------------------------------------------X

ROBAH FAYOD,

Plaintiff,

- v -

24 SECOND AVE. CORP., KALISH & KERNER
PETROLEUM LLC,BP PRODUCTS NORTH AMERICA,
INC.,THE CITY OF NEW YORK, SECOND AVENUE
SERVICE STATION, INC.,MRM AUTO, INC.,JOHN DOE #2
THROUGH JOHN DOE #5, FICTITIOUS NAMES OF
INDIVIDUALS AND/OR INSTITUTIONS THAT MAY IN ANY
WAY OWN, LEASE, OPERATE, CONTROL, REPAIR,
MANAGE, AND/OR MAINTAIN THE PREMISES WHERE
THE PLAINTIFF HAD SUSTAINED PERSONAL INJURIES,
TRUE NAMES BEING UNKNOWN AT THIS TIME,

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159884/2014 |
| MOTION DATE | 01/05/2023 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 290, 292, 294, 296, 298, 300, 301, 302, 307, 308, 310, 314, 315, 316

were read on this motion to/for                    SUMMARY JUDGMENT                    .

      With the instant motion, defendant CITY OF NEW YORK (hereinafter, "the City") moves, pursuant to CPLR §3212, for summary judgment and an order dismissing plaintiff's complaint as well as any cross-claims asserted against it. Plaintiff opposes the motion.

## BACKGROUND

      In this tort matter, plaintiff has lodged allegations against the City, among others, pertaining to injuries purportedly sustained during a fall on ice at 24 Second Avenue, situated within the city, county, and state of New York, on November 29, 2013, at 9:30 PM. Plaintiff, a taxi driver and habitual patron of the gas station located therein, asserts that on the day preceding the incident, he observed water emanating from the street onto the premises. Recollecting a temperature of 29 degrees Fahrenheit, he contends that while traversing the sidewalk at 9:30 PM, the ingress from the roadway to the gas station, plaintiff alleges that he was caused to fall due to a 1-meter circle of ice on the ground. In support of its motion, the City argues that it has met its burden and is entitled to summary judgment as it has established that it is not the owner of the abutting premises. Likewise, the City submits that there is insufficient evidence, as a matter of law, to conclude that the City was the proximate cause of plaintiff's injuries by causing or creating the defective condition alleged. In opposition, plaintiff does not challenge the City's ownership

[* 1]

but asserts that the City was responsible for causing or creating the defective condition that led to plaintiff's injuries.

## DISCUSSION

In order to prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

Summary judgment is a drastic remedy. Therefore, the court's function on a motion for summary judgment is issue finding rather than issue determination (*Stillman v Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]). Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824 [2014]).

When confronted with a summary judgment motion, it is the court's responsibility to search the record for triable issues of fact without determining the strength of either parties' case (*Cross v. Cross*, 112 AD2d 62 [1st Dept 1985]). In doing so, the court must search evidentiary facts sufficient to defeat a motion for summary judgment. The mere existence of a material issue of fact should lead to the denial of the motion (*see Downing v. Schreiver*, 176 AD2d 781 [2d Dept 1991]). It is also firmly acknowledged that matters concerning negligence seldom find facile resolution through summary judgment proceedings (*Ugarizza v. Schmieder*, 46 NY2d 471 [1979]). Indeed, the pivotal inquiry as to whether a defendant's actions constitute negligence is inherently entwined with questions of fact that properly belong within the purview of a jury (*Rivers v. Atomic Exterminating Corp.*, 210 AD2d 134 [1st Dept 1994]).

It has been held that "to prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a [moving party] has the burden of establishing, prima facie, not only that the [other party] was negligent, but that the [moving party] was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v. Bartis*, 112 AD3d 804 [2d Dept 2013]; *Thoma v. Ronai*, 82 NY2d 736 [1993]). It has also held that there can be more than one proximate cause of an accident, and the issue of comparative negligence is generally a question for a jury to decide (*Cox v. Weil*, 86 AD3d 620 [2d Dept 2011]; *Wilson v. Rosedom*, 82 AD3d 970 [2d Dept 2011]).

Here, City has established, prima facie, that it is entitled to summary judgment as a matter of law because: (1) City has established that it was not the owner of the abutting property located at 24 Second Avenue, New York, New York and therefore was not responsible for the maintenance and repair of the subject sidewalk pursuant to New York City Administrative code §7-210; and (2) because the City has demonstrated through admissible evidence that did not cause or create the alleged black ice patch on the sidewalk because a catch basin down the block, across the street and

across the avenue did not cause the black ice condition, and therefore the City was not the proximate cause of the incident because plaintiff testified that he saw ice coming from the abutting gas station and the owner of the gas station, Harris Kalish, testified that his staff hoses down the area where the gas pumps are located every evening.

As to the former prima facie showing, this court previously determined that on the date of incident, it was undisputed that the City did not own the abutting property, located at 24 Second Avenue, New York, NY. Since it is undisputed that the City is not the owner of the abutting property, it is therefore not responsible for repair and maintenance of the subject sidewalk, pursuant to New York City Administrative Code §7-210.

Considering the foregoing, only issue left to resolve was plaintiff s cause and create theory of liability as to whether any flooding caused by the alleged defective catch basin on the southwest corner (across the street and avenue from the BP gas station) resulted in pooling of water on the subject sidewalk. On that latter issue, the testimony and exhibits proffered highlight that the incident at issue occurred on the sidewalk and northeast side at East 1st Street between Second Avenue and First Avenue. Notably, there is no catch basin located on the northeast or southeast corners of the subject intersection. Rather, the alleged defective catch basin is located across East 1st Street and across Second Avenue, located on the southwest corner of the intersection. The City therefore has proffered, prima facie, that plaintiff s theory of liability that the catch basin resulted in flooding and caused water to pool up and across the East 1st Street and across Second Avenue is speculative and unsupported by admissible evidence within the record, even when affording plaintiff the benefit of every favorable inference.

In opposition, plaintiff fails to create a question of material fact as to the City's liability. Indeed, plaintiff does not provide any evidence in admissible form to rebut the City's proof that liability has shifted to the abutting property owner, nor does plaintiff provide evidence in admissible form that the City caused or created the alleged icy sidewalk condition. Indeed, plaintiff ignores the fact that ownership of the abutting subject property is not in dispute, and there is no issue of fact.

Furthermore, the plaintiff's opposition demonstrates a misinterpretation of a fundamental principle of municipal law: the transfer of liability from the City to the property owner pursuant to §7-210, particularly in cases where there exists no duty owed by the City. Additionally, the standard of prior written acknowledgment, which plaintiff erroneously asserts, is not applicable in this instance.

Plaintiff's opposition further misrepresents the positioning of the catch basin concerning the accident site. Plaintiff inaccurately asserts that "the clogged catch basin located at the East First Street and Second Avenue in Manhattan was causing 'ongoing problem [sic] with street flooding' at the location of the plaintiff's accident." It is important to clarify that the southwest corner of Second Avenue and East 1st Street does not coincide with the site of plaintiff's accident, which occurred east of the northeast corner of Second Avenue and East 1st Street. The purportedly faulty catch basin is situated across two roadways from the location of plaintiff's accident.

Attached to the City's reply papers is a photograph sourced from Google Maps depicting the catch basin situated on the southwest corner of Second Avenue and East 1st Street. In this image, the catch basin in question occupies the lower right-hand quadrant, while the gas station under scrutiny is positioned in the center-to-upper left-hand quadrant. Furthermore, Exhibit T-a accompanying the City's motion illustrates the precise location where plaintiff claims to have fallen. A cursory examination of Exhibit T-a (NYSCEF Doc. No. 244) and Exhibit A (NYSCEF Doc. No. 316), reveals that the purportedly faulty catch basin bears no proximate connection to the site of plaintiff's accident. As established in the City's motion, the water from a catch basin at the southwest corner of the intersection would be contained to that corner – it would not cross both Second Avenue and East 1st Street (and travel down East 1st Street to where plaintiff fell) due to crowns in the middle of the roadways which prevent the water from going across the street.

Insofar as plaintiff contests the Google Maps photos presented in the reply, it is pertinent to note that such photographs are admissible forms of evidence in accordance with CPLR 4532-b. Additionally, the submission of new evidence in a reply is permissible when it serves to address arguments raised in opposition or to elucidate arguments or evidence presented in the initial motion papers. This principle is underscored in decisions such as *Dias v. City of NY*, 110 AD3d 577, 578 (1st Dept 2013), wherein it was held that "The evidence plaintiff offered on reply was properly submitted in response to the evidence submitted and the arguments made by defendants in their opposition papers," and *Galdamez v. Biordi Constr. Corp.*, 50 AD3d 357, 358 (1st Dept 2008), which affirmed that "[T]he court properly considered affidavits from several members of the proposed class submitted on reply since the affidavits were in response to matters raised in defendants' opposition."

Nor does plaintiff refute that Administrative Code §7-210 shifts liability to the abutting property owner – including for snow and ice conditions (*Klotz v. City of New York*, 9 AD3d 393 [2d Dept 2004]). Accordingly, it is hereby

ORDERED that the City's motion is granted in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly, and shall transfer this matter to the inventory of a non-City part.

This constitutes the decision and order of the court.

**3/19/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |