| Funaki v Starbucks Corp. |
|:---:|
| 2025 NY Slip Op 30583(U) |
| February 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153275/2020 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM
                                              *Justice*

PART          04

-----------------------------------------------------------------------X

KOHEI FUNAKI,

                                Plaintiff,

- v -

STARBUCKS CORPORATION D/B/A STARBUCKS
COFFEE COMPANY, HIGHGATE SECURITY &
LOCKSMITH LLC,

                                Defendants.

-----------------------------------------------------------------------X

INDEX NO.          153275/2020

MOTION DATE        10/24/2024

MOTION SEQ. NO.        002

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88

were read on this motion for                    REARGUMENT/RECONSIDERATION          .

In a decision and order dated September 23, 2024, this Court granted defendant Starbucks Corporation's motion for summary judgment and denied plaintiff's motion for summary judgment[1] (the "Prior Decision"). Plaintiff now moves for leave to reargue the Prior Decision and, upon reargument, seeks an order from this Court denying Starbucks's motion and granting plaintiff's motion. The instant motion is granted and, upon reargument, Starbucks's motion for summary judgment is denied and the Court adheres to its previous denial of plaintiff's summary judgment motion.

A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion…" (CPLR 2221[d][2]). "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues

---

[1] The Court assumes the parties' familiarity with the facts and incorporates herein the factual and procedural history set out in the Prior Decision.

**153275/2020   FUNAKI, KOHEI vs. STARBUCKS CORPORATION D/B/A**
**Motion No.  002**

Page 1 of 4

previously decided ... or to present arguments different from those originally asserted" (*Setters v AI Properties and Developments (USA) Corp.*, 139 AD3d 492, 492 [1st Dept 2016] [internal citations and quotations omitted]).

Plaintiff argues that the Court overlooked plaintiff's deposition testimony that he did not recall the yellow caution signs placed on the ground in front of each door depicted in the photographs submitted by defendant (NYSCEF Doc. Nos. 80 [Marked Photos] and 79 [Funaki EBT at pp. 48, 50, 144]) and misapplied the law in concluding that the three paper signs affixed to the functioning door (the "Signs") unambiguously warned of the specific danger at issue (the unhinged door to its right). The Court is not persuaded by plaintiff's first point, because its conclusion in the Prior Decision was based on the Signs posted on the Starbucks's door "directing customers to use a different entrance" (*Funaki v Starbucks Corp.*, 2024 NY Slip Op. 33332[U], 3 [Sup Ct, NY County 2024]) rather than the presence of the yellow caution signs. However, the Court agrees that it erred in concluding that the Signs affixed to the working entrance door were sufficient warning as a matter of law such that summary judgment was warranted.

"[T]he question of what, if any, warning is reasonable under the circumstances is usually a question of fact for the jury" (*Van Alstine v Kentucky Fried Chicken of California Inc.*, 292 AD2d 737, 738 [3d Dept 2002] [internal citations omitted]; *see also Hewett v Conway Stores, Inc.*, 266 AD2d 137, 137 [1st Dept 1999] ["If a jury determines that defendants had adequate notice of the hazard, there is also a triable issue as to whether they took sufficient precautions to minimize the danger to pedestrians in the area by placing rugs, mats or warning signs either on the store entrance or on the steps where plaintiff fell"]). While this question may, on occasion, be resolved as a matter of law when a warning "sufficiently conveyed the *specific* danger to which claimants ... would be exposed" (*Arsenault v State*, 96 AD3d 97, 102 [3d Dept 2012] [emphasis added]), it does not apply

**153275/2020  FUNAKI, KOHEI vs. STARBUCKS CORPORATION D/B/A**
**Motion No. 002**

**Page 2 of 4**

2 of 4

[* 2]

here. Rather, given the Signs' directive that patrons should use the "side door" with arrows pointing toward the unhinged door, the Court agrees with plaintiff that it is for the factfinder to determine whether the Signs—on their own or in conjunction with the yellow caution signs, to the extent it is established that these caution signs were present at the time of the incident—adequately warned plaintiff of the danger presented by the unhinged door or whether plaintiff reasonably understood these Signs to be directing him to use that unhinged door.

The cases cited by plaintiff are inapplicable, as they involve *unambiguous* warnings of specific hazards through signage (*see Rivero v Spillane Enterprises, Corp.*, 95 AD3d 984, 985 [2d Dept 2012]; *Hammond v Intl. Paper Co.*, 161 AD2d 914, 914-15 [3d Dept 1990]), speech (*see Fernandez v Rutman*, 120 AD3d 545, 546 [2d Dept 2014]), the presence of an employee of defendant addressing the condition (*see McMullin v Martin's Food of S. Burlington, Inc.*, 122 AD3d 1103, 1105 [3d Dept 2014]) or all of the above (*see Stasiak v Sears, Roebuck and Co.*, 281 AD2d 533, 533-34 [2d Dept 2001]).

In addition, since a question of fact exists as to the sufficiency of Starbucks's warnings, the principle enunciated in *Arsenault v State* that where a sign sufficiently warns of a specific danger the fact that "another type or configuration of warning sign—one that was larger in size, brighter in color or stronger in tone" may have been more effective does not present a bar to summary judgment (*Arsenault v State*, 96 AD3d 97, 101-03 [3d Dept 2012]) does not apply. Finally, this issue of fact also precludes summary judgment for plaintiff, and the Court therefore adheres to so much of the Prior Decision as denied plaintiff's motion for that relief.

Accordingly, it is

**ORDERED** that plaintiff's motion for leave to reargue is granted; and it is further

**153275/2020  FUNAKI, KOHEI vs. STARBUCKS CORPORATION D/B/A**                    **Page 3 of 4**
**Motion No. 002**

[* 3]

**ORDERED** that, upon reargument, Starbucks Corporation's motion for summary judgment is denied; and it is further

**ORDERED** that the Court adheres to so much of the Prior Decision as denied plaintiff's motion for summary judgment; and it is

**ORDERED** that plaintiff is to serve a copy of this decision and order, with notice of entry, upon defendants as well as on the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website at the address *www.nycourts.gov/supctmanh*); and it is further

**ORDERED** that the Clerk of the Trial Support Office shall restore this action to the active trial calendar.

This constitutes the decision and order of the Court.

| 2/21/2025 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | HON. JUDY H. KIM, J.S.C. | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**153275/2020  FUNAKI, KOHEI vs. STARBUCKS CORPORATION D/B/A**
**Motion No. 002**

Page 4 of 4

4 of 4